### STATE *against* JOSEPH DAMON.

PLEA of *auterfoits convict,* in bar.

The indictment charged the defendant with an assault and battery on one *Elias Doty,* at *Wallingford,* on the 24th of *March,* A. D. 1802.

And now the said *Joseph Damon,* in his own proper person here in Court, in the custody of the sheriff, comes, &c. and to the said indictment here in Court found against him for an assault, battery, wounding, &c. made on the 24th day of *March,* 1802, on the body of *Elias Doty,* at *Wallingford,* in said County, he the said respondent says, that he has been once before convicted for the same breach of law, whereof he is now here indicted before *Joseph Randall,* Esquire, one of the Justices of the Peace within and for the County of *Rutland,* on the 26th day of *March,* 1802, at *Wallingford* aforesaid, and by said Justice adjudged to pay a fine of six dollars to the treasury of the town of *Wallingford* aforesaid, and costs of prosecution taxed at five dollars and sixty-three cents, as by the files and records of said Justice's Court, here ready in Court to be

When an assault and battery has been made upon two, and both were wounded by the same stroke, and the offender has been legally convicted before a court of competent jurisdiction for the breach of the peace in the assault and battery upon the one, an indictment cannot afterwards be maintained against him for an assault and battery upon the other.

State
v.
Damon.

shown, will fully appear; and for that said Justice of the Peace had and still has a concurrent jurisdiction with this Honourable Court in such inferior crimes and misdemeanors; and for that the said *Joseph Damon* did, at *Wallingford* aforesaid, on the day and year first aforesaid, without leave and against the regulations of a certain infirmary vulgarly called a pock-house, at said *Wallingford*, where there were divers persons inoculated and infected with the small-pox, enter said pock-house, he the said *Joseph Damon* having been, on the said twenty-fourth day of *March*, 1802, by the presiding physician of said infirmary, inoculated with the small-pox, and afterwards, on the day and year last aforesaid, the said *Joseph Damon* declared that he would depart from the limits of said pock-house, and attempted so to do; which to prevent, the said *Elias Doty* and one *Frederick Miller*, by order of the said presiding physician, assaulted him the said *Joseph Damon*, and the said *Joseph Damon*, in his own defence, in his hand held an open penknife, and did then and there move his hand on all sides to prevent them the said *Elias* and *Frederick* from laying hands on him the said *Joseph Damon*, notwithstanding which, they the said *Elias* and *Frederick* did with great violence rush upon the said *Joseph*, and him cast and throw on the ground, and did then and there beat, bruise and batter the body of him the said *Joseph*, and for that the said *Joseph Damon*, in and during said affray, did unfortunately wound the said *Elias Doty* in the thigh, and the said *Frederick Miller* in his arm, at one and the same instant, and at one and the same stroke, which is the same assault, battery, wounding, &c. whereof the said *Joseph Damon* stands

here indicted, and no other; for that the said conviction and judgment before the said *Joseph Randall,* Esquire, Justice as aforesaid, was for the offence of assaulting, beating, and wounding the said *Frederick Miller,* all which the said *Joseph Damon* is here ready to verify and prove, in manner and form and when and where the Court shall direct. Wherefore he prays judgment whether he ought further to be holden to answer to said indictment, and that the same may be barred, and he the said *Joseph* go without day.

State
v.
Damon.

To this plea the Attorney for the State demurred.

In support of the plea,

*Chipman,* for the defendant, observed, That when an assault and battery was made, and several were injured, the law gave to each a separate civil action for damages, and the government would by due process convict and punish the offender for the breach of the public peace; but if ever so many were injured, *one* prosecution and conviction was all the government could sustain against the offender. The charge on the part of the State against the prisoner is for disturbing and breaking the public peace; and he is equally guilty of it who assaults and beats *one,* with him who assaults and wounds two or more; both have broken the public peace; and although the latter would perhaps merit a severer punishment, yet the crime is the same.

The only inquiry which can possibly be made is, whether the offender has been legally convicted of the same offence before a Court of competent jurisdiction? The defendant had unfortunately wounded

two persons in the same affray and with the same stroke; a regular complaint has been entered for assaulting and wounding one of them; the defendant has been tried and convicted before a Court of competent jurisdiction, and the record of his conviction is here in Court, and proferted in his plea. Can an indictment be sustained against him for assaulting and wounding the other?

*Curia.* It appears that the defendant wounded two persons in the same affray, at the same instant of time, and with the same stroke. On a regular complaint made, he has been convicted before a Court of competent jurisdiction, for assaulting, beating and wounding *Frederick Miller*, one of those persons. He stands here indicted for assaulting, beating and wounding *Elias Doty*, the other of those persons; and the defendant pleads in bar the former conviction, which he alleges to have been for the same offence. The only question is, whether the defendant has been already legally convicted of the offence charged in the indictment? Of this there can be no doubt; for it is apparent on the record, that the assault and battery charged in the indictment, and that of which he was convicted by Mr. Justice *Randall*, were at the same place and in the same affray, and the wounds made by the same instrument and by the same stroke.

This is not a question between either of the persons injured by the assault and battery, and their assailant, redress has been or may be obtained by them by private actions; but it is a question between the government and its subject, and the Court are clearly of opinion, that the indictment cannot be sustained. The indictment charges the defendant with having

disturbed the public peace by assaulting and wound-  State
ing one of its citizens. For this crime he shows that  Damon.
he has been legally convicted by a Court of compe-
tent jurisdiction. He cannot therefore be again held
to answer in this Court for the same offence.

Prisoner discharged.

———— ————, for the State.
*Daniel Chipman*, for defendant.