## A. M. QUITZOW *v.* THE STATE.

1. PLEADING — FORMER CONVICTION.—The requisites of a plea of *autrefois convict*, under our statute, are that it shall appear from the plea that the defendant has before been convicted in a court of competent jurisdiction, upon the same accusation, after a trial upon the merits, for the same offense.

2. JURY TRIAL.—The plea of *autrefois convict* is a plea of a mixed nature, consisting partly of matter of record and partly of matter of fact, and upon which an accused has a right of trial by jury.

3. THEFT.—The theft of several articles at one and the same time, and by one and the same act, constitutes but one indivisible crime, and a judgment of conviction or acquittal of the theft of one of the articles is a bar to a prosecution for the theft of the others; for, though the prosecutor has a right to carve out as large an offense as the transaction will admit of, still he can carve but once.

APPEAL from the District Court of Bexar. Tried below before the Hon. JAMES A. WARE.

About the 2d of April, 1875, the appellant hired from one W. B. Newton, a livery-stable keeper in Seguin, a horse, saddle, and bridle, for the alleged purpose of going to Leesburg, and it was understood between the parties that appellant was to return the next day. He failed to return at the time appointed, and about two weeks subsequent thereto he was arrested in Bexar county, on a warrant sworn out by the owner of the property, charging appellant with theft of the horse, saddle, and bridle, all of which were found in the possession of the defendant when arrested.

For a further statement of the facts with reference to the theft of the property, reference is here made to the case of *Quitzow* v. *The State, post.*

Two indictments were found against appellant—one charging him with the theft of the gelding, and the other charging him with the theft of the saddle and bridle. On the 14th of May, 1875, he was tried and convicted on the indictment for the theft of the gelding. On the 19th of July, 1875, he was placed on trial on the indictment charging him with the theft of the saddle and bridle, to which he pleaded *autrefois convict,* setting forth the judgment of conviction for the theft of the gelding, and charged that the saddle and bridle were taken at the same time that the gelding was taken, and that it was all one and the same act. This plea was stricken out, on general demurrer filed by the district attorney, and the defendant was placed on trial on his plea of not guilty. The trial resulted in a verdict and

judgment of guilty, and the punishment was assessed at two years' confinement in the penitentiary; from which judgment the defendant appealed, assigning for error the ruling of the court below in sustaining the demurrer to his plea of *autrefois convict.*

*C. K. Breneman,* for the appellant.

*H. H. Boone,* Attorney General, for the State.

Ector, Presiding Judge.   The appellant was indicted in the district court of Bexar county on the 19th day of July, 1875.   The indictment alleges "that one Quitzow, whose christian name is to the grand jury unknown, on the second day of the month of April, in the year of our Lord one thousand eight hundred and seventy-five, in said county of Bexar and state of Texas, unlawfully, fraudulently, and feloniously did steal, take, and carry away from the possession of W. B. Newton one saddle and one bridle, both of the value of thirty dollars, the property of W. B. Newton, without his consent, and with the fraudulent and felonious intent to deprive him, the said W. B. Newton, of the value of said saddle and bridle, and with the felonious intent to appropriate the same to the use of him, the said Quitzow, whose christian name is to the grand jury unknown, contrary to the statute and against the peace and dignity of the state."   The defendant filed a plea of former conviction for the same offense in bar of this prosecution.

The district attorney files a general demurrer to defendant's special plea of former conviction, "and says the said plea, as here pleaded, is not sufficient in law to entitle the defendant to be heard thereon, and is not sufficient in law to bar the state of her prosecution in this cause.   Therefore he prays that said plea be overruled and dismissed at the costs of the defendant."   The only action of the court on the defendant's special plea, shown by the record, is

4

in the judgment. For the purpose of showing how it appears in the record, we will give a portion of the judgment rendered in the court below:

" *The State of Texas* vs. *Quitzow.    No. 1322.    Theft of saddle and bridle.*

" In this cause this day came the state, by the district attorney, N. O. Greene, Esq., who prosecuted in this behalf, and the defendant in person and by his attorney, C. K. Breneman, Esq., when came on to be heard defendant's plea of a former conviction, in bar of this prosecution, which said plea, having been argued by counsel and duly considered by the court, is overruled; and, thereupon, the defendant, being placed at the bar, pleaded ' not guilty,' as charged in the indictment; when came a jury of twelve good and lawful men, to wit," etc.

The jury found the defendant guilty, and assessed his punishment at two years' confinement in the penitentiary. The defendant filed his motion for new trial, and also in arrest of judgment, both of which were overruled, and the defendant gave due notice of appeal to the supreme court; and the case has been transferred to this court.

The defendant moved the court for a new trial for the following reasons:

"1st. The court erred in overruling the defendant's plea of *autrefois convict.*

" 2d. The court erred in misdirecting the jury as to the law applicable to the case.

" 3d. The court erred in compelling the defense to go to trial upon the general issue, and in not allowing the jury to pass upon the question of fact which arose as to whether the offense for which the defendant was placed upon trial was the same for which he had been convicted.

"4th. The verdict was contrary to the law and the evidence."

The following is his motion in arrest of judgment:

"And now comes the defendant and suggests to the court that judgment cannot legally be entered upon the verdict herein, for the reason that the defendant's plea of *autrefois convict* raised a question of fact as to whether the offense for which the defendant was tried heretofore, and convicted, was the same with that for which he was tried herein, and which question of fact ought to have been decided by the jury."

The defendant filed the following assignment of errors:

"1st. The court erred in overruling the defendant's plea of former conviction.

"2d. The court erred in compelling the defendant to go to trial upon the general issue, and in not allowing the jury to pass upon the question of fact as to whether the offense for which the defendant was about to be tried was the same as that for which he had already theretofore (as set out in defendant's plea of former conviction) been tried and convicted.

"3d. The court erred in charging the jury as to the law applicable to the case."

Did the court err in overruling the defendant's plea of former conviction? Whether the plea of former conviction is a good one is a question we have had some trouble in deciding. It certainly does not follow the forms laid down for such a plea in Archbold's Pleadings or Wharton's Precedents. The requisite of such a plea, under our Code, is that the defendant has been before convicted legally, in a court of competent jurisdiction, upon the same accusation, after having been tried upon the merits, for the same offense. Pasc. Dig. 2951. The defendant, in said plea of former conviction, gives a copy of the judgment rendered on the 14th day of May, 1875, by the district court of Bexar county, which we here insert, viz.:

"*State of Texas vs. Quitzow. No. 1321. Theft of a gelding.*

" In this cause came the state, by the district attorney, N. O. Green, Esq., who prosecutes on this behalf, and the defendant in person and by his attorney, C. K. Breneman, Esq., and the defendant, being placed at the bar, pleaded 'not guilty,' as charged in the indictment; whereupon came a jury of twelve good and lawful men, to wit, W. C. Kroeger, D. M. Alexander, Joe Grimminger, Arthur Longwell, A. Linksweller, F. D. Favil, Jacob Stout, Jno. Machogambid, Jno. Hurton, A. Schoenert, Sam Moore, Miles Stigs, who were duly elected, tried, impaneled, and sworn, according to law, to try said defendant; and, after hearing the evidence and argument of counsel, and having received the charge of the court, retired, in charge of the sheriff, to consider of their verdict, and on the same day were brought into open court, in charge of the sheriff, the defendant and his attorney being present. The court inquired of the jury whether they had agreed upon a verdict, and they, through their foreman, answering in the affirmative, delivered the following verdict, to wit:

" 'We, the jury, find the defendant guilty, and assess the punishment at confinement in the state penitentiary for five years.                    W. C. Kroeger, *Foreman.*'

" Whereupon it is ordered, adjudged, and decreed by the court that the defendant, Quitzow, be remanded to the county jail, and from thence to be taken to the state penitentiary, at Huntsville, and there confined, and that he be compelled to work at hard labor for the full term of five years. It is further ordered by the court that, in addition to his confinement for five years in the penitentiary, the state of Texas have and recover of and from the said defendant all costs in his behalf expended."

Which judgment and conviction (in his said plea), he states, " still remain in full force and effect, and not the least reversed or made void; that the said Quitsow and the said Quitzow, so indicted and convicted, are one and the

same person, and not other or different. And the said Quitzow further saith that the theft of a gelding, of which the said Quitzow was so indicted and convicted, as aforesaid, and the theft of a saddle and bridle, for which he is now indicted, are one and the same offense, and not other or different; that he hired the saddle and bridle, which he is charged with stealing, at the same time he hired the gelding, for the theft of which he has been convicted, and from the same person; that the transactions are one and the same; and this the said Quitzow is ready to verify. Wherefore he prays judgment if the said state of Texas ought to further prosecute the said indictment against him, the said Quitzow, in respect of the said offense in the said indictment mentioned," etc.

The general demurrer to defendant's plea of former conviction ought not to have been sustained. When there is a demurrer to a pleading, all the facts stated in the pleading which are well pleaded are to be taken as true, for the purpose of determining the sufficiency of the pleading.

Although the plea is inartistically drawn, we believe, as a whole, it states facts sufficient to show that the defendant had been indicted in a court of competent jurisdiction, and tried and convicted for the same offense with which he is charged in the indictment. If so, then it is a right guaranteed to him by the Constitution and laws of the state that he shall not be again tried for the same offense. From a careful examination of the authorities, we believe if a man steal a horse, bridle, and saddle at the same time, and by one and the same act, the crime would be one and indivisible; and when the state has chosen to indict him for stealing the horse, and he has been tried and either acquitted or convicted (in a court of competent jurisdiction), he cannot be afterwards indicted and tried for stealing the saddle and bridle. The prosecutor had a right to carve as large an

offense out of this transaction as he could, yet must cut only once.

Our supreme court, in the case of *Richard Wilson* v. *The State*, tried at the late Galveston term, decided that the stealing of different articles of property, belonging to different persons, at the same time and place, so that the transaction is the same, is but one offense against the state; and the accused cannot be convicted on separate indictments, charging different parts of one transaction as if they were distinct offenses, as a conviction on one of the indictments bars a prosecution on the others.

Where, by the discharge of a gun, or a stroke of the same instrument, an injury is inflicted upon two or more persons, and their death is produced, it has been decided there is but one crime committed. In *The State* v. *Damon*, 2 Tyler, 387, the defendant was indicted for an assault and battery on one Doty, and pleaded a former conviction on a complaint for an assault and battery committed upon one Miller, alleging that the wounding of each was by the same stroke and at the same time.

The court said, in delivering the opinion:

" It appears that the defendant wounded two persons in the same affray, at the same instant of time, and with the same stroke. On a regular complaint made, he has been convicted, before a court of competent jurisdiction, for assaulting, beating, and wounding Frederick Miller, one of those persons. He stands here indicted for assaulting, beating, and wounding Elias Doty, the other of those persons; and the defendant pleads in bar the former conviction, which he alleges to have been for the same offense. The only question is whether the defendant has been already legally convicted of the offense charged in the indictment. Of this there can be no doubt, for it is apparent on the record that the assault and battery charged in the indict-

ment, and that of which he was convicted by Mr. Justice Randall, were at the same place, and in the same affray, and the wounds made by the same instrument and by the same stroke.    This is not a question between either of the parties injured by the assault and battery and their assailant ; redress has been, or may be, obtained by them by private action ; but it is a question between the government and its subject, and the court are clearly of the opinion that the indictment cannot be sustained.''

In *The State* v. *Williams* (10 Humph. 101) the defendant was indicted for stealing a horse, saddle, bridle, blanket, and martingale, and it was decided to be but one offense.    See, also, *Laupher* v. *The State*, 14 Ind. 327. In *The State* v. *Nelson*, 29 Me. 329, it was held that where the goods of several persons were stolen at the same time, so that the transaction is the same, one count in the indictment may embrace the whole.    Lord Hale (1 P. C. 531) says : ''For it seems to me that if, at the same time, the party steal goods of A of the value of 6d., goods of B of the value of 6d., and goods of C of the value of 6d., being perchance in one bundle, or upon a table, or in one shop, this is grand larceny, because it is one entire felony, done at the same time, though the persons had several properties ; and, therefore, if in one indictment, they make grand larceny.''

In the case of *Ben* v. *The State*, 22 Ala. 9, where the defendant was indicted for administering poison at the same time to three persons, it was objected by counsel for the accused that the indictment was bad because it charged the commission of several offenses in one count.    But the court said : '' We have examined these objections to the indictment with great care, and are constrained to hold that they are not well taken.''    See, also, *Rex* v. *Benfield*, Burr. 980.

Wharton, in his work on American Criminal Law, 391, says : '' Where a variety of articles were stolen at the same

time, and from the same place, and from the same or different persons, it has been held to be only one offense, and must be so charged." Judge Downey, of the supreme court of Indiana, in a very able opinion in the case of *Clem* v. *The State*, 42 Ind. 420, fully sustains the same position, and the right of the accused to be allowed to offer proof on plea of former acquittal for the same offense, where two men had been killed by the same shot, and at the same time.

This plea is one very simple in its nature.

The plea of former conviction is said to be a plea of a mixed nature, and to consist partly of record and partly of matter of fact. The defendant had a right to a trial and verdict on his special plea, and, because this was denied him, the court below committed error. We deem it unnecessary to notice the other assignments of error.

The judgment is reversed, and the cause remanded.

*Reversed and remanded.*