## H. HIRSHFIELD v. THE STATE.

1. SWINDLING.— The Code of Procedure, article 794, provides that "when money, property, or other articles of value enumerated in the definition of swindling are obtained in such manner as to come within the meaning of theft or some other offense known to the law, the rules herein prescribed with regard to swindling shall not be understood to take any such case out of the operation of the law which defines such other offense." *Held*, that the effect of this provision is to invalidate an indictment for swindling if the allegations thereof charge facts which constitute a different offense.

2. SAME.— Appellant was prosecuted and convicted for swindling. The gravamen of the accusation was the procurement of money by means of a forged indorsement on his own check, and the indictment, though obviously framed on the definition of swindling, charged all the *constituents of knowingly uttering a forged instrument*; wherefore the defense excepted to it because, under the operation of article 794 of the Code of Procedure, the offense charged was not swindling but the uttering of a forged instrument. *Held*, that the exception was well taken and should have been sustained.

3. JEOPARDY.— Section 14, article 1, of the State Constitution ordains that "No person, for the same offense, shall be twice put in jeopardy of life or liberty." *Held*, that the term "same offense" as here used does not signify the same offense *eo nomine*, but the same criminal act or omission. See the opinion *in extenso* on the subject of jeopardy.

APPEAL from the District Court of Dallas. Tried below before the Hon. G. N. ALDREDGE.

The charging parts of the indictment are set out in the opinion of this court. It concluded with an allegation that the intent of the appellant was "then and there to appropriate said money and property to the use and benefit of him the said Hirshfield, and to impair and destroy the rights of said Paschal Tucker in and to the same; contrary," etc. The court below charged the jury that the trial was for the offense of swindling, and so instructed them upon the issues arising upon the evidence. The verdict found the appellant "guilty as charged in

the indictment," and assessed his punishment at two years in the penitentiary.

The case is disposed of by this court on the law questions raised upon the indictment and the exceptions to it. There is consequently no occasion for a statement of the evidence. Matters relevant to the rulings are stated in the opinion; — but, as mentioned in the argument for the State, it may be stated that Tucker, alleged by the indictment to be the party injured, was the teller of the City National Bank of Dallas, and in that capacity discounted and cashed the appellant's check with funds of the bank. Tucker testified that he was not personally interested in the transaction.

*Taylor & Sims* and *Stemmons & Field*, for the appellant. I. The court erred in refusing to quash the indictment herein, on the ground that said indictment sets out an offense known to the law other than swindling; and defendant says that by reason thereof he cannot be prosecuted for swindling herein, or, in other words, the indictment having set out the offense of knowingly passing a forged instrument, that defendant must be tried for that offense. The verbiage of the indictment shows a case to be tried and punished under article 443, Penal Code, and the punishment there prescribed is not less than two nor more than five years. Can the accused be tried under the law of swindling, the punishment for which is double the amount provided by the Code as the punishment of the crime actually committed?

By article 794, Penal Code, it is provided that "When property, money, or other articles of value enumerated in the definition of swindling, are obtained in such manner as to come within the meaning of theft, or some other offense known to the law, the rules herein prescribed with regard to swindling shall not be understood to take any such case out of the operation of the law which

defines such other offense." The indictment shows that the offense actually committed by accused is known and defined by the laws of the State to be that of knowingly passing as true a forged instrument. Art. 443, Penal Code. The punishment of the crime actually committed is not less than two nor more than five years. The punishment in swindling is greater. Article 796, Penal Code, provides that the punishment in swindling shall be the same as that of theft. Article 735, Penal Code, provides that theft of the value of twenty dollars or over shall be punished by confinement in the penitentiary not less than two nor more than ten years. *Mathews* v. *State*, 33 Texas, 102; *Vestal* v. *State*, 3 Texas Ct. App. 649.

II. The court should have quashed the indictment by reason of the pleader failing to allege that the draft was presented for payment, and that payment was refused. The draft is set out in the indictment. It is shown to be payable at Eastland, Texas; the right of the accused to draw the draft is not negatived in the indictment, and there is no allegation therein that the draft was ever presented for payment and payment refused.

Had the genuine signature of Carnes been on the back of said draft, his undertaking as indorser thereon would be that the draft would be accepted and paid. His liability was contingent, and depended upon a refusal to accept and pay. If paid, there would be no swindling, as the party taking the draft must take it with knowledge that he must present it to the drawee before the indorser would be liable. An averment of presentation and refusal to pay is necessary before it can be determined that the party upon whom the instrument is passed has been swindled, or that there was upon the part of the accused, in the language of the Code, a wilful design to receive a benefit or cause an injury.

We respectfully ask a reversal of this cause.

*H. Chilton,* Assistant Attorney General, for the State. I. Defendant obtained the goods on the pretense that the name or indorsement of J. J. Carnes was his genuine signature. This case is unlike *Mathews* v. *State,* 33 Texas, 102, because in that case the goods were not delivered on the order, and therefore the offense of swindling was not made out.

The facts in this case did not make out a case of passing a forged instrument (art. 443), and if a prosecution had been begun for forgery or passing a forged instrument, it would probably have failed for want of an intent to injure or defraud. This intent is necessary in forgery. Art. 431, Penal Code. But is not specifically necessary in swindling,— that is, not in all cases. *Bridgers* v. *State,* 8 Texas Ct. App. 145; art. 793, Penal Code.

Now, from the facts proven in this case it will be seen that the teller of the bank was not in fact defrauded of one cent,— was not injured pecuniarily,— and yet it is clear that the money was obtained on a pretense known to be false by the defendant. Art. 794, Penal Code, does not mean to make swindling subordinate to other offenses, but was merely intended to show that the definition of swindling was not exclusive of prosecutions maintainable on the same facts for other offenses. The effect of that article is to make facts which are punishable as swindling and punishable as some other offense, subject to prosecution for either offense, but not for both.

. II. The money was not acquired on the faith of the drawee, Hirshfield's name; and whether he paid the draft or not, the name of Carnes being the instrumentality or pretense by which the money was obtained, the offense was complete.

Hurt, J. The defendant was convicted of the offense of swindling. The indictment charges that defendant did "present, exhibit and deliver to one Paschal Tucker,

a certain instrument in writing commonly called a check, which said check was drawn and signed by said H. Hirshfield on one H. M. Hirshfield, at Eastland, Texas, for the sum of twenty-five dollars, in favor of him, the said H. Hirshfield, and the name of the said H. Hirshfield was written and indorsed on the back of the said check. That on the back of said check was written and indorsed the name of one J. J. Carnes; the said name purporting to be the genuine signature and indorsement of said J. J. Carnes, on the back of said check; that said check was in substance as follows: $25.00. Dallas, Texas, Sept. 24, 1880. At sight pay to the order of myself twenty-five dollars, value received, and charge the same to account of (signed) H. Hirshfield. To H. M. Hirshfield, Eastland, Texas; and that said check cannot be set out in exact words and figures, because said check cannot be obtained by this grand jury, and the indorsements and names written and indorsed on said check were as follows, to wit: H. Hirshfield, J. J. Carnes; and the said Hirshfield did then and there represent and pretend to the said Paschal Tucker, that the signature and indorsements of said J. J. Carnes, on the back of said check, was genuine, and was the act and deed of said Carnes; and the said check and said signature was then and there presented, exhibited and delivered by said H. Hirshfield to said Paschal Tucker as the genuine act, signature and indorsement of J. J. Carnes. But in fact the said name, signature and indorsement of J. J. Carnes on the said check was not genuine, and not the act and deed of said J. J. Carnes or of any one authorized by said Carnes to make the same, but was then and there *false* and *forged*, without the knowledge and consent of said Carnes. That said check was worthless without the genuine signature and indorsement of said J. J. Carnes. That said H. Hirshfield then and there *well knew* that said signature and indorsement of said J. J. Carnes on the back of said check was not the act

and deed of said J. J. Carnes, or of any one authorized by him to make the same, and said Hirshfield then and there well knew that the signature of said Carnes was a forgery, made without the knowledge and consent of said Carnes. That by means of the false and fraudulent acts, pretenses and devices and representations of said Hirshfield as above set forth, he the said Hirshfield did then and there fraudulently and feloniously receive and acquire from the said Paschal Tucker the sum of twenty-five dollars in paper money of the United States,"— and so on, setting forth the other facts constituting the offense of swindling.

This indictment, beyond any question, charges as the means by which the money was acquired by the defendant all of the elements entering into and constituting the offense of uttering a forged instrument knowing the same to have been forged, as defined in art. 443, Penal Code. The said article reads as follows: "If any person shall knowingly pass as true, or attempt to pass as true, any such instrument in writing as is mentioned and defined in the preceding articles of this chapter, he shall be punished by imprisonment in the penitentiary not less than two nor more than five years."

The defendant is simply charged in the indictment with passing as true a forged instrument knowing it to be forged. This being the case, the defendant excepted to the indictment:

"1st. Because said indictment sets out an offense known to the law other than swindling, and defendant says he cannot be prosecuted for swindling herein.

"2d. Said indictment sets out an offense known to the law, to wit: passing a forged instrument, and defendant says he cannot be prosecuted for swindling herein."

These exceptions were overruled by the court; to which the defendant excepted. Did the court err in overruling these exceptions?

Counsel for appellant, in their brief, and in a very able argument before this court, insist that this was error, and claim that the judgment of the court below should be reversed because of the same. In support of this position counsel cite art. 794, Penal Code, which provides that, "When property, money, or other articles of value enumerated in the definition of swindling are obtained in such manner as to come within the meaning of theft, or some other offense known to the law, the rules herein prescribed with regard to swindling shall not be understood to take any such case out of the operation of the law which defines such other offense." The indictment as well as the facts clearly show that the money in this case was obtained in such manner as to come within the meaning of the offense defined in art. 443, Penal Code, to wit, knowingly passing a forged instrument as true. If, then, a conviction under this indictment and upon the facts in this case would have the effect to take the case out of the operation of art. 443, which defines another offense, the court below should have sustained the exceptions. For, if the law in defining some other offense embraces the offense charged in this indictment, that law must be given full force and effect, and the case be tried and defendant convicted, if guilty, thereunder.

We are thus brought to the controlling question in this case, which is: Will a conviction under this indictment of the offense of swindling have the effect to take the case out of the operation of art. 443? Let us suppose that defendant is being prosecuted under an indictment for knowingly passing as true this very instrument to the same party and at the same time, it being the same transaction. He, having been convicted of swindling by uttering this instrument in that transaction, pleads this conviction to the indictment for *uttering* the instrument. Would this be a good defense to the indictment for passing the instrument? If so, the conviction for swindling

would defeat the operation of art. 443, and thereby take the case out of the operation of the law defining another offense.  This must not be done.

But to the proposition.  Is the defense, to wit, former conviction of the swindling, a legal one to the indictment for uttering this forged instrument?  By section 14, Constitution of this State, it is provided that "no person for the same offense shall be twice put in jeopardy of life or liberty; nor shall a person be again put upon trial for the same offense after a verdict of not guilty in a court of competent jurisdiction."  Under the Constitution, no person shall be twice put in jeopardy for the same offense. What is meant by the term "same offense?"  Does it mean the same offense *eo nomine?* or the same act or acts? Let us consult our Code.  From it we learn that an offense is an act or omission forbidden by positive law, and to which is annexed, on conviction, any punishment prescribed by this Code.  "An act forbidden," etc.  From this we are not to infer that a single act in every case constitutes an offense.  In a great many offenses several acts are necessary to constitute an offense.  These, however, under this definition are considered the act which is forbidden or punished by law.  To these acts or omissions the Code, in most of the cases, has given names.  This, however, is conventional.  To the act constituting larceny under the common law, the Code gives the name of theft. But back to the proposition!

The Constitution prohibits placing a citizen twice in jeopardy for the same offense.  Is the name given to the act or acts which constitutes the offense to control when we are seeking to determine whether it be the same offense or not, or must we not look to the act or acts, or the omissions prohibited and punished by the Code, in order to determine this question?  We must, in determining whether they are the same offense or not, look to the act, acts or omissions; for these and not the name by

which they are called are denounced by the Code. We therefore conclude that a person shall not be twice put in jeopardy for the same act, acts, or omission, which are forbidden by positive law, and to which is annexed, on conviction, any punishment prescribed in this Code. A conviction, therefore, for swindling which rests upon and is supported alone by the act of passing as true the instrument set forth in this indictment is a full and complete satisfaction of the law which forbids, and upon conviction prescribes, a punishment for said act.

The act of knowingly passing as true a forged instrument is denounced by positive law, with a punishment annexed which is prescribed by this Code. This act, as was foreseen by our law makers, enters into and constitutes the vital elements of, at least, two offenses, to wit, swindling and knowingly uttering a forged instrument as true. The act, however, being the offense, and not the name, a conviction for this act would be a complete satisfaction of the violated law. But we are met just here with the proposition that, as the defendant could not have been convicted under the indictment for swindling of the offense of knowingly passing as true a forged instrument, therefore he cannot plead this conviction for swindling to a prosecution for uttering a forged instrument. We are aware that in *Thomas* v. *State*, 40 Texas, 36, and the text books generally, this proposition is stated, and as a general proposition we think it is correct. But it must be borne in mind that there is another principle applicable to this subject of jeopardy, which is quite distinct from that which obtains in pleas of former conviction or acquittal generally. This is the doctrine of carving, and is explicitly recognized and effectually applied in a number of cases by our Supreme Court and Court of Appeals. *Quitzow* v. *State*, 1 Texas Ct. App. 47; *Wilson* v. *State*, 45 Texas, 76; *State* v. *Damon*, 2 Tyler, 387; *State* v. *Williams*, 10 Humph. 101; *Lumpkin* v. *State*, 14 Ind. 327;

*State* v. *Nelson*, 29 Me. 329; *Ben* v. *State*, 22 Ala. 9; *Rex* v. *Benford*, Barr, 980; *Clem* v. *State*, 42 Ind. 420.

In *Quitzow* v. *State*, the defendant was charged and being prosecuted for the theft of a saddle and bridle. To this indictment he interposed a plea of conviction of theft of a gelding, and that the theft of the bridle and saddle was the same transaction,— the same act. The Court of Appeals properly held that this plea constituted a good and lawful defense to the indictment for theft of the bridle and saddle. The rule, therefore, to plead successfully a former conviction to an indictment, that under the allegations of the first indictment he could have legally been convicted of the offense charged in the second is not sound, but, on the contrary, is in direct conflict, not only with the authorities above cited, but with the text books in which we find the proposition enunciated. Who will affirm that under an indictment for theft of a gelding a party can be legally convicted of the theft of a saddle and bridle, these not being named in the indictment? Yet, if the theft of all these was but one transaction, a conviction for one is a full and complete atonement for all. The state having carved once will not be permitted to carve farther. She will not be permitted to split or divide up this act or transaction into divers parts, and punish each moiety.

We will not discuss the very perplexing question which arises in a case where the first indictment covered a part only of the acts or grounds which are occupied by the allegations of the second; for a conviction of the swindling in *this case* required every act, and utilized the whole ground which is covered by the offense of uttering a forged instrument. The knowledge, intent and acts which constitute uttering a forged instrument were not only the necessary means *in this case*, but were actually applied to obtain the conviction of swindling. This being the case, the conviction for swindling could be interposed

to a prosecution for uttering the forged instrument, and if this can be done the effect would be to take the case out of the operation of art. 443, which defines another offense, thus accomplishing the very ends expressly forbidden by art. 773 of the Penal Code.

It is urged with great plausibility by the able assistant attorney general that the provisions of art. 773 can only be invoked in such a case as the following, to wit: when the prosecution is for uttering the forged instrument or some other offense, the evidence bringing the case within the definition of swindling, and the defendant *relies* upon the fact that the act or acts constitute swindling to *defeat* the *prosecution* for *uttering the forged instrument*, or the other offense.

Let us examine the position. It assumes that if it were not for the provisions of art. 773 such a defense might be made. Strike from the Code art. 773 altogether, will the defendant have the right to this defense? By no means. The same act or acts constituting the two offenses, if the defendant is convicted of one and is being prosecuted for the other he will be thrown upon his plea of former conviction. And if in truth it be the same act or transaction, though the offense be of different names, by virtue of the doctrine of carving his plea would be good. Art. 773 was not necessary to prevent this defense, and if that be its only purpose it is a work of supererogation. Again, concede this to be *one* purpose of said act, it is too restricted. We are not to permit the law of swindling to take the case out of the operation of the law which defines theft or any other offense. This must not be done by any procedure; hence if a conviction for swindling has this effect it (this conviction) comes within the prohibition of art. 773, and is therefore unlawful. In support of this construction of this article we refer to *Cline* v. *State*, 43 Texas, 494. While it is true that a construction of said article was not absolutely required

to determine that case, yet, coming as it did, naturally in the line of the argument of the judge who wrote the opinion, we believe the construction of said article in that case to be the matured and deliberate opinion of the court. Judge Moore, in discussing the distinction between theft and swindling, after citing the article of the Code which defines swindling, says: "And as this definition seems to be quite broad enough to include some phases of the offense of theft, and possibly some other offenses, to *avoid as far as possible any embarrassment in determining the particular offense for which the criminal should be held to answer* if the facts bring the case within the definition of swindling as well as theft or some other offense, it is further provided by art. 773e ' when property, money or other articles of value enumerated in the definition of swindling are obtained in such manner as to come within the meaning of theft or some other offense known to the law, the rules herein prescribed with regard to swindling shall not be understood to take such *case* out of the operation of the law which defines such offense.' " The italics are ours. If the purpose of said article is not that asserted by the Supreme Court in the above case, we are unable to assign any object whatever, for we have shown that it was absolutely unnecessary for any other purpose.

We therefore conclude, 1st, that under the Constitution in regard to jeopardy "no person shall be twice put in jeopardy for the same act or omission, whether the offense be the same *eo nomine* or not. 2d. That a conviction of the swindling in this case can be pleaded in bar to a prosecution for uttering a forged instrument. 3d. And that this conviction (being a good bar to a prosecution for uttering the forged instrument) has the effect to take the case out of the operation of the law defining another offense, and is therefore illegal.

If we are right in the above conclusions it follows that

the court erred in overruling defendant's exceptions to
the indictment.

For which error, the judgment is reversed and the pros-
ecution dismissed.

*Reversed and dismissed.*