Corey Randall HOOKS, Appellant,

v.

STATE of Texas, Appellee.

Nos. 11–00–00226–CR, 11–00–00227–CR.

Court of Appeals of Texas,
Eastland.

Feb. 14, 2002.

Rehearing Overruled May 15, 2002.

George R. Conkey, Dallas, for appellant.

Bill Hill, John Rolater, Dist. Attys. Office, Dallas, for appellee.

Panel consists of ARNOT, C.J., and WRIGHT, J., and McCALL, J.

Opinion

TERRY McCALL, Justice.

Appellant was convicted of robbery and aggravated sexual assault after a jury trial. The jury assessed punishment at 15 years confinement for the robbery and 50 years confinement for the aggravated sexual assault with a fine of $10,000 in each case. Appellant argues in three issues on appeal that: (1) the trial court incorrectly instructed the jury regarding the parole law applicable to the aggravated sexual assault charge; (2) the trial court erred in admitting appellant's written confession because it was involuntarily made; and (3) appellant received ineffective assistance of counsel. We affirm.

### Background Facts

On October 23, 1999, "Diane"[1] and her cousin, Vickie W., drove to Bachman Lake at about 8:00 p.m. where they got out of their car and sat on a bench. The women were watching planes land at Love Field when an African American man identified as appellant appeared. Appellant asked if they knew the time and who owned their car. Appellant then put his hand in his pocket as if he had a gun and told them: "I need y'all to get me out of this area." Diane and Vickie said that they would take him anywhere and asked him not to kill them.

The three of them got in Vickie's car with Vickie driving; Diane in the front seat; and appellant in the back seat behind the driver. Appellant told the women that they would die if they did not do what he said. Appellant directed Vickie to an abandoned garage. He ordered Diane into the back seat, where he sexually assaulted her vaginally and forced her to perform

---

1. Diane was a pseudonym.

oral sex on him. After the sexual assaults, appellant demanded money and drove away in the car. The women flagged down a passing motorist who drove them to a nearby police unit. The police took Diane to Parkland Hospital for a rape exam. DNA testing from the rape exam confirmed appellant's guilt.

Appellant was arrested on October 26, 1999, while driving the stolen car. Appellant gave a written statement to the police in which he admitted accosting the victims, having sex with one of the victims, taking their money, and taking the car.

Appellant does not challenge the legal or factual sufficiency of the evidence.

### Punishment Charge

In his first issue, appellant claims that the trial court incorrectly instructed the jury regarding the parole law applicable to the aggravated sexual assault charge. On June 7, 2001, this court abated these appeals to the trial court for a hearing to determine the actual charge given to the jury regarding the parole law. On July 2, 2001, the trial court convened a hearing and heard evidence. One of the trial prosecutors and appellant's trial lawyer testified that the copies of the charge in their files contained the correct parole law; these copies were introduced into evidence. Both lawyers testified that, had the trial court read an incorrect charge to the jury, they would have objected. The court reporter testified that she would have recorded any objections during the reading of the charge even though she did not record the reading of the charge. The trial court noted that the record reflects that, during the prosecutor's argument on punishment, the prosecutor stated the correct parole law for aggravated sexual assault to the jury.

The trial court also noted for the record that it was aware of the correct parole law

for an aggravated sexual assault charge and that it would have noticed incorrect parole language during the reading and would have corrected the charge. The trial court acknowledged that the punishment jury charge contained in the clerk's file contained an incorrect parole instruction. At the conclusion of the hearing, the trial court entered detailed findings of fact. The trial court found that the charge in the clerk's record was not the charge given, that a correct charge was given to the jury because the State's and the defendant's copies of the jury charge contained a correct parole instruction, that the court read the correct jury charge immediately before the jury retired to deliberate, and that the correct parole law was argued to the jury. There is no evidence that the jury received the wrong instruction. We overrule appellant's first issue.

### Confession

In his second issue, appellant argues that the trial court erred in overruling his motion to suppress and in admitting his confession because it was not voluntarily made. Appellant claims that his confession was involuntary because he was intoxicated. Detective James Stacy testified that he met with appellant after appellant was arrested while driving the stolen car. Detective Stacy advised appellant of his constitutional rights under TEX. CODE CRIM. PRO. ANN. art. 38.22, § 2 (Vernon 1979). See Article 38.22, section 2(a). Detective Stacy testified that appellant appeared to understand his rights and that appellant did not appear to be intoxicated. Appellant first told Detective Stacy that he bought the car from a man for $20 of cocaine. After further questioning, appellant broke down and said that he would tell the truth. According to Detective Stacy, appellant agreed to waive his rights and

give a written statement. Appellant told Detective Stacy what to write, and appellant signed the statement in the presence of a civilian witness. The statement was essentially the same as the testimony of the victims.

■ To be admissible, a confession must be freely and voluntarily made. TEX. CODE CRIM. PRO. ANN. art. 38.21 (Vernon 1979). Factual determinations made by the trial court at a hearing on a motion to suppress evidence shall not be disturbed on appeal if those findings are supported by the record. Urbano v. State, 837 S.W.2d 114 (Tex.Cr.App.1992); Johnson v. State, 803 S.W.2d 272 (Tex.Cr.App. 1990). At a hearing on a motion to suppress evidence, the trial court is the sole judge of the weight and credibility of the evidence; the trial court's finding may not be disturbed on appeal absent a clear abuse of discretion. Alvarado v. State, 853 S.W.2d 17, 23 (Tex.Cr.App.1993). Appellant testified during the motion to suppress his statement. Appellant admitted that he signed the statement. Appellant claimed, however, that he was under the influence of alcohol, marihuana, and crack cocaine at the time he signed the statement. Appellant claimed that he did not understand his rights and that he could have written his own statement if he had not been intoxicated. The trial court was entitled to believe the police officer's testimony and to disbelieve appellant's testimony. Meek v. State, 790 S.W.2d 618, 620 (Tex.Cr.App.1990). After hearing the testimony, the trial court found that appellant was advised of his rights and that appellant freely and voluntarily confessed. We find that the trial court did not err in concluding that appellant's confession was freely and voluntarily made. We overrule appellant's second issue.

*Ineffective Assistance of Counsel*

In his third and final issue, appellant contends that trial counsel was ineffective because counsel failed to object to the jury charge containing an incorrect statement on parole law and because counsel failed to object to inadmissible prior misdemeanor convictions. We disagree.

■ To determine whether appellant's trial counsel rendered ineffective assistance at trial, we must first determine whether appellant has shown that counsel's representation fell below an objective standard of reasonableness and, if so, then determine whether there is a reasonable probability that the result would have been different but for counsel's errors. Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); Hernandez v. State, 988 S.W.2d 770 (Tex.Cr.App.1999); Hernandez v. State, 726 S.W.2d 53, 55 (Tex.Cr.App.1986). The burden of proving ineffective assistance rests with appellant. Moore v. State, 694 S.W.2d 528, 531 (Tex. Cr.App.1985).

Appellant contends that trial counsel was ineffective for failing to object to the jury charge regarding appellant's eligibility for parole. However, after this court abated the appeal to the trial court, the trial court determined that the jury in fact received the correct parole instruction.

■ Appellant argues that two of the four misdemeanor convictions introduced during the punishment phase were for offenses which occurred prior to January 1, 1996, and that evidence of the two misdemeanor convictions should not have been admitted because TEX. CODE CRIM. PRO. ANN. art. 37.07, § 3(i) (Vernon Supp.2001) provides:

Evidence of an adjudication for conduct that is a violation of a penal law of the grade of misdemeanor punishable by confinement in jail is admissible only if

the conduct upon which the adjudication is based occurred on or after January 1, 1996.

Evidence of the two misdemeanor convictions was properly admitted. Section 3(i) refers to juvenile adjudications of delinquency, not adult convictions. The Act of June 2, 1997, 75th Leg., R.S., ch. 1086, § 31, 1997 Tex. Gen. Laws 4179, 4191 reflects that Section 3(i) was originally enacted as Section 3(h) and that, at the same time, the legislature amended the last sentence in Section 3(a) to read:

> Additionally, notwithstanding Rule 609(d), Texas Rules of Criminal Evidence, *and subject to Subsection (h)*, evidence may be offered by the state and the defendant of an adjudication of delinquency based on a violation by the defendant of a penal law of the grade of:
>
> (1) a felony; or
>
> (2) a misdemeanor punishable by confinement in jail. (Emphasis added to note the language added by the legislature)

During the same session, the legislature had earlier enacted another Section 3(h) that prevented the State or defendant from offering evidence during the punishment phase that the defendant planned to undergo an orchiectomy (castration). Act of May 5, 1997, 75th Leg., R.S., ch. 144, § 2, 1997 Tex. Gen. Laws 287, 289. Attempting to correct the problem of having enacted two sections numbered 3(h), the legislature in 1999 renumbered the Section 3(h) enacted on June 2, 1997, as Section 3(i); however, the legislature failed to change the reference in Section 3(a) from (h) to (i). See the notes on the legislative history of TEX. CODE CRIM. PRO. art. 37.07 in the 2002 Vernon supplement. Despite this oversight by the legislature, the reference in Section 3(a) to (h) should be read to refer to what is now codified as Section 3(i) because a reference to any portion of a statute or rule applies to all reenactments, revisions, or amendments of the statute or rule. TEX. GOV'T CODE ANN. § 311.027 (Vernon 1998).

Appellant further argues that his counsel should not have stipulated to the two misdemeanor convictions. One conviction was for theft of over $20, and the other conviction was for selling alcohol to a minor. The record is silent as to why counsel stipulated to the two convictions, but we must presume that he made the decision in the exercise of reasonable professional judgment. Jackson v. State, 877 S.W.2d 768 (Tex.Cr.App.1994). Counsel may have decided that to make an issue of the two misdemeanor convictions would only antagonize the jury. Appellant has not shown that the evidence of the two misdemeanor convictions was incorrect. We overrule appellant's third issue.

### This Court's Ruling

We affirm the judgments of the trial court.