Opinion filed November 3, 2005












 
 
  
 
 







 
 
  
 
 




Opinion filed November 3, 2005

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh Court of Appeals

                                                                   __________

 

                                                          No. 11-04-00113-CR 

                                                    __________

 

                                   ROBERT LEE O=NEAL,
Appellant

 

                                                             V.

 

                                        STATE
OF TEXAS, Appellee

 



 

                                         On
Appeal from the 385th District Court

 

                                                        Midland
County, Texas

 

                                                 Trial
Court Cause No. CR29013

 



 

                                                                   O
P I N I O N

 

Robert Lee O=Neal
appeals his conviction by a jury of the offense of possession of cocaine in an
amount of less than one gram.  Finding
that O=Neal had
been previously convicted of two prior felony convictions, the jury assessed
his punishment at 20 years in the Texas Department of Criminal Justice,
Institutional Division.  He contends in a
single point on appeal that the trial court erred in overruling his motion for
new trial because the cumulation of his trial counsel=s
errors constitutes denial of effective assistance of counsel as guaranteed by
the Sixth and Fourteenth Amendments to the United States Constitution and
Article I, section 10 of the Texas Constitution.  We affirm. 








To determine whether appellant=s trial counsel rendered ineffective
assistance, we must first determine whether appellant has shown that counsel=s representation fell below an
objective standard of reasonableness and, if so, then determine whether there
is a reasonable probability that the result would have been different but for
counsel=s
errors.  Hooks v. State, 73 S.W.3d
398 (Tex.App. - Eastland 2002, no pet=n).  The burden of proving ineffective assistance
rests with appellant. Moore v. State, 694 S.W.2d 528, 531
(Tex.Cr.App.1985). 

In Hooks, we adopted the standard for
ineffective assistance set forth in Strickland v. Washington, 466 U.S.
668 (1984).  O=Neal
asserts that in this case we should apply the standard set forth in United
States v. Cronic, 466 U.S. 648 (1984), rather than the Strickland test.  The court in Cronic held that where
there was a complete denial of counsel at a critical stage of trial, where
counsel entirely fails to subject the prosecution=s
case to meaningful adversarial testing, or where counsel is called upon to
render assistance under circumstances where competent counsel very likely could
not, the defendant need not show that the proceedings were affected.  United States v. Cronic, supra at
659-60.     

Although O=Neal=s counsel did not present any witnesses
in the guilt/innocence phase of the trial, he did cross-examine witnesses and
presented oral argument seeking to question the credibility of the State=s witnesses.  Consequently, this was not a case where there
was a complete denial of counsel at this critical stage of the trial, nor is it
a case where counsel entirely failed to subject the prosecution=s case to meaningful adversarial
testing.  It was certainly not a case
where counsel was called upon to render assistance under circumstances where
competent counsel very likely could not. 
Consequently, we apply the Strickland not the Cronic standard.   

The standard of review of a judge=s determination on a motion for new
trial is abuse of discretion.  Salazar
v. State, 38 S.W.3d 141, 148 (Tex.Cr.App.2001).  We are to give almost total deference to the
trial court=s
determination of the historical facts and mixed questions of law that turn on
the credibility and demeanor of witnesses. 
Jennings v. State, 107 S.W.3d 85, 89-90 (Tex.App. - San Antonio
2003, no pet=n).  Our review is limited to the question of
whether the trial court=s
decision is arbitrary or unreasonable.  Lewis
v. State, 911 S.W.2d 1, 7 (Tex.Cr.App.1995).








O=Neal
was arrested shortly after leaving his mother=s
residence, following a traffic stop based upon failing to properly signal a
turn.  Upon O=Neal=s arrest for D.W.I., an officer of the
Midland Police Department found cocaine on O=Neal=s person and in the patrol car where he
had been sitting.  O=Neal was represented at trial by
Alfredo A. Soza, an attorney appointed to represent him.  O=Neal
complains of three errors he asserts were made by Soza: (1) Soza failed to find
the names of witnesses who could refute the State=s
claim that his mother=s
house had a reputation as a crack house; (2) Soza failed to strike two members
of the venire, both of whom served on the jury; and (3) Soza failed to give him
sufficient advice about whether to accept the State=s
plea offer of ten years Ato
do.@

There was a significant conflict between Soza=s testimony at the hearing on O=Neal=s
motion for new trial and that of O=Neal.  Soza testified that O=Neal
agreed that the house had a reputation as a crack house and that he was not
aware that the house that O=Neal
had just left prior to his arrest was O=Neal=s mother=s
house.  Soza said that O=Neal never asked him to subpoena O=Neal=s
mother or her neighbor from across the street. 
O=Neal
testified that he told Soza that his mother lived at the house and that he
never agreed that the house had the reputation of being a crack house.

With respect to the issue of his plea of not
guilty, Soza testified that O=Neal
told him that he would not accept any offer other than dismissal or acquittal
through trial so that he would not have his parole revoked.  He said that O=Neal
was still adamant on the day of his final pretrial hearing that he needed an
acquittal.  He insisted that he
communicated the plea offer to O=Neal
two to three weeks prior to his pretrial, shortly after he received it.  He stated that he had discussed with O=Neal the negative and positive aspects
of his case by going over specific details, including what evidence the State
had against him.  O=Neal testified that Soza did not tell
him about the plea offer until just before his final pretrial hearing.  He denied that Soza had ever discussed the
evidence with him.  He said that he would
have taken the plea if he had known that the arresting officer was going to
testify that he had found cocaine on O=Neal=s person, as opposed to it only being
in the patrol car.

With respect to the issue regarding the use of
peremptory strikes, Soza testified that O=Neal
and he agreed to all of the peremptory strikes. 
He stated that one juror was not struck because O=Neal
had insisted that Soza was mistaken as to where that juror was sitting.  He said that he never refused to strike
someone on the list whom O=Neal
wanted to strike.  O=Neal testified that he and Soza had
discussed at length two jurors who he wanted to strike and who were left on the
jury panel.  








Under this evidence, the trial court could have
reasonably found that (1) Soza acted reasonably in not pursuing the issue of
whether the house in question had a reputation as a crack house because O=Neal agreed that the house had that
characterization and never mentioned the fact that it was his mother=s house; (2) Soza discussed the
evidence in the case with O=Neal
and made him aware of the plea offer; (3) Soza had no disagreement with O=Neal with respect to the use of
peremptory strikes and that, if a juror not wanted by O=Neal
ended up on the jury, it was due to O=Neal=s mistakenly insisting that another
member of the venire be stricken.  We,
therefore, hold that the trial court=s
decision to overrule O=Neal=s motion for new trial was not
arbitrary or unreasonable.  O=Neal=s
argument to the contrary appears to be based on the assumption that the facts
are as he testified, as opposed to the facts as given by Soza.  The trial court was not required to accept O=Neal=s
version of the facts as true.








With respect to his counsel=s
failure to call his mother and her neighbor as witnesses, O=Neal relies upon the case of Wiggins
v. Smith, 539 U.S. 510 (2003), urging that Soza was ineffective for not
investigating further and calling these two witnesses.  In determining a case based upon a claim that
counsel was ineffective due to insufficient investigation, the court in Wiggins
held that strategic choices made after a less than complete investigation
are reasonable only to the extent that reasonable professional judgments
support the limitations on investigation and that a decision not to investigate
must be directly assessed for reasonableness in all the circumstances.  Id. at 533.  In Wiggins, the court held that
defense counsel=s limited
investigation was unreasonable.  Id. at
528. In the case at bar, the trial court, if choosing to accept Soza=s testimony rather than that of O=Neal, could have reasonably determined
that, due to O=Neal=s not mentioning that the house where
he had been was his mother=s
house and his stating to Soza that he agreed with the assertion that the house
had a reputation as a crack house, Soza=s
decision not to investigate further was in accordance with reasonable
professional judgment and was reasonable in all the circumstances.  We also note that O=Neal
has failed to establish how, even if counsel was ineffective by not calling the
witnesses, that action undermined the reliability of the finding of guilt.  O=Neal
has failed to show any relevance of their testimony as to any material issue in
his trial.  O=Neal
seems to suggest that it would bear upon the legality of his stop for the
traffic offense that resulted in officers finding the cocaine.  He presents us no authority to that effect,
and we are not aware of any.  We overrule
O=Neal=s
sole point on appeal.

The judgment is affirmed.

 

PER CURIAM

 

November 3, 2005

Do not publish.  See
TEX.R.APP.P. 47.2(b).

Panel
consists of: Wright, C.J., and

McCall,
J., and Hill, J.[1]











[1]John G. Hill, Former Chief Justice, Court of Appeals,
2nd District of Texas at Fort Worth sitting by assignment.