Opinion filed April 13, 2006












 
 
  
 
 







 
 
  
 
 




Opinion filed April 13, 2006                                                                                                                  

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh Court of Appeals

                                                                   __________

 

                                                          No. 11-05-00043-CR 

 

                                                    __________

 

                            JESUS CABALLERO SANCHEZ, Appellant

 

                                                             V.

 

                                        STATE
OF TEXAS, Appellee

 



 

                                         On
Appeal from the 385th District Court

 

                                                        Midland
County, Texas

 

                                                 Trial
Court Cause No. CR29506

 



 

                                                                   O
P I N I O N

The jury convicted appellant, Jesus Caballero
Sanchez, of the third degree felony offense of possession of cocaine.  The trial court assessed punishment at two
years confinement.  We affirm. 

                                                                 Issues
on Appeal








Appellant presents two issues for review.  In his first issue, appellant argues that he
received ineffective assistance of counsel because his trial attorney failed to
file a motion to suppress the cocaine and failed to object to the introduction
of the cocaine as evidence at trial.  In
his second issue, appellant argues that the trial court erred in denying his
motion for new trial based on newly discovered evidence.  After appellant=s
trial, Anthony Garcia, a co-defendant, told appellant=s
wife that the cocaine belonged to him. 
The newly discovered evidence consists of Garcia=s
statement that the cocaine was his.      


                                                             The
Evidence At Trial

Officers Sean Alexander Sharp and William Taylor
Welch of the Midland Police Department were on patrol during the evening hours
of March 13, 2004.  They stopped at the
Dos De Oro bar, a place having a reputation for drug activity.  Appellant and his wife owned Dos De Oro.  Officer Welch testified that Dos De Oro=s men=s
restroom was known by police as a place where people use and sell drugs.  Officer Welch said that several people had
been arrested for possession of drugs at Dos De Oro.  Officer Geo Mitchell of the Midland Police
Department also testified about Dos De Oro=s
reputation for drug activity.  Officer
Mitchell said that he had made four or five cocaine arrests at Dos De Oro.

Officer Sharp and Officer Welch stopped at Dos De
Oro on March 13, 2004, because of its reputation for drug activity.  Officer Sharp entered the men=s restroom.  Officer Welch was behind him in the doorway
to the restroom.  Officer Sharp said that
the restroom had one stall and that the stall door was cracked open when he
entered the restroom.  Officer Sharp
leaned down to look under the stall door, and he saw two sets of feet in the
stall.  The people in the stall were
facing each other. Officer Sharp said that he did not hear the people in the
stall talking or exchanging anything and that he could not see what was going
on inside the stall because the stall door was blocking his view.

            Officer Sharp testified that he pushed open the stall
door.  Appellant and Garcia were standing
in the stall.  Officer Sharp said that
appellant and Garcia looked surprised. 
Appellant was standing close to the toilet with his back to the toilet,
and Garcia was facing appellant.  








Officer Sharp saw appellant turn around and throw
something into the toilet.  Officer Welch
handcuffed Garcia, and Officer Sharp handcuffed appellant.  Officer Sharp found a clear plastic bag
containing a white substance on the floor next to the toilet.  Officer Sharp picked up the bag and put it
into his shirt pocket.  The officers took
appellant and Garcia outside and performed a field test on the white
substance.  The substance tested positive
for cocaine.  Officer Sharp testified
that he would have seen the bag of cocaine on the floor if it had been there
when he looked under the stall door. Officer Sharp searched appellant and found
over $3,000 in cash in appellant=s
possession. 

Officer Welch testified that he and Officer Sharp
did a walk through of Dos De Oro on March 13, 2004.  He said that they went straight to the men=s restroom.  Officer Sharp indicated to Officer Welch that
he saw two sets of feet in the restroom stall. 
Officer Welch said that the door to the stall was partially closed.  The officers did not hear any talking coming  from the stall.  They did not wait to listen for talking
before opening the stall door because they did not want to give the people time
to get rid of any drugs by flushing them down the toilet.  When Officer Sharp opened the stall door,
Officer Welch saw appellant and Garcia standing in the stall with surprised
looks on their faces.  Appellant was
standing between the toilet and Garcia. 
Officer Welch did not see appellant throw anything, but he did see
appellant=s arm go
down.  Officer Welch looked down and saw
a bag of white powder on the ground next to the toilet, closer to appellant
than Garcia.  Officer Welch believed that
the white powder was cocaine.  Officer
Welch and Officer Sharp did not find anything in the toilet.  Officer Welch said that he never heard the
toilet flush.  Officer Welch said that Officer
Sharp found $3,518 when he searched appellant.

Sherrill Bradford, a technician with the Midland
Police Department, took the white substance to the Department of Public Safety
Crime Lab for testing.  Dennis Hambrick,
a DPS chemist, tested the substance.  He
said that it contained 3.5 grams of cocaine, including adulterants and
dilutants.

Officer Mitchell testified that he and Officer
Juan Carranco had gone to Dos De Oro about an hour before appellant and Garcia
were arrested.  He and Officer Carranco had
been looking for drug activity.  At that
time, appellant told Officer Mitchell that he knew about the drug problem at
Dos De Oro.








Appellant testified that he had gone into the
restroom to use it and clean it.  He said
that he could not open the door to get into the stall because Garcia was
standing outside of the stall.  He wanted
Garcia to move so that he could go into the stall.  Appellant said that he was standing with his
back to the police when they came into the restroom.  He said that he and Garcia were standing
outside the stall at the time.  Appellant
said that he did not know what was happening and that the police did not say
anything.  Appellant testified that he
did not have anything to do with the cocaine, that he did not know cocaine was
on the floor next to the toilet, and that he did not know who put it
there.  Appellant testified that he never
had the cocaine in his hands and that he did not throw anything to the ground.

            Appellant said that he had $3,558 in his possession when he
was arrested.  He said that the money
came from bar sales, not from drug sales. 
Appellant testified that he kept his money on him because he had been
robbed twice at the bar.  Appellant
denied telling the police that there was a big drug problem at his bar.

                                                    Ineffective
Assistance of Counsel

In his first issue, appellant argues that he was
denied effective assistance of counsel at trial because his trial counsel
failed to file a motion to suppress the cocaine and to object to the
introduction of the cocaine as evidence at trial.  Appellant asserts that he had a reasonable
expectation of privacy in the restroom stall and that, therefore, the officers= search of the stall was illegal.  Appellant contends that the cocaine
discovered in the search should have been suppressed due to the illegality of
the search.

To determine whether appellant=s trial counsel rendered ineffective
assistance at trial, we must first determine whether appellant has shown that
counsel=s
representation fell below an objective standard of reasonableness and, if so,
then determine whether there is a reasonable probability that the result would
have been different but for counsel=s
errors.  Strickland v. Washington,
466 U.S. 668 (1984); Hernandez v. State, 988 S.W.2d 770 (Tex. Crim. App.
1999); Hooks v. State, 73 S.W.3d 398 (Tex. App.CEastland
2002, no pet.).  The burden of proving
ineffective assistance rests with appellant. 
Moore v. State, 694 S.W.2d 528, 531 (Tex. Crim. App. 1985).








A trial counsel=s
failure to file a motion to suppress is not per se ineffective assistance of
counsel.  Hammond v. State, 942
S.W.2d 703, 710 (Tex. App.CHouston
[14th Dist.] 1997, no pet.); Bonilla v. State, 740 S.W.2d 583, 586-87
(Tex. App.CHouston
[1st Dist.] 1987, pet. ref=d).  Rather, 
to satisfy the Strickland test, appellant must prove that a
motion to suppress would have been granted. 
Jackson v. State, 973 S.W.2d 954, 957 (Tex. Crim. App.
1998).  Unless appellant has shown that
the motion to suppress had merit and that a ruling on the motion would have
changed the outcome of the case, his counsel will not be found ineffective for
failing to assert the motion.  Id.
(citing Roberson v. State, 852 S.W.2d 508, 510-12 (Tex. Crim. App.
1993)).  To meet his burden, appellant
was  required to produce evidence that
would defeat the presumption of proper police conduct. Id.; Russell
v. State, 717 S.W.2d 7, 9 (Tex. Crim. App. 1986).  To prevail on his claim of ineffective
assistance of counsel, appellant had the burden to develop facts and details of
the search sufficient to conclude that the search was invalid.  Id.

For a warrantless search to be justified, the
State must show the existence of probable cause at the time the search was made
and the existence of exigent circumstances that made procuring a warrant
impracticable.  McNairy v. State,
835 S.W.2d 101, 106 (Tex. Crim. App. 1991). 
Probable cause to search exists when reasonably trustworthy facts and
circumstances within the knowledge of the officer on the scene would lead
someone of reasonable prudence to believe the instrumentality or evidence of a
crime will be found on the premises.  Id.  Exigent circumstances may arise in a
number of circumstances, including preventing the destruction of evidence or
contraband.  Id. at 107.

Appellant relies on Cook v. State, 762
S.W.2d 714 (Tex. App.C
Houston [1st Dist.] 1988, pet. ref=d).  Cook involved the warrantless search
of a restroom stall during a rock concert at the Summit sports arena in
Houston.  The court recognized that the
defendant had a reasonable expectation of privacy while inside the restroom
stall with the door shut.  However, the
court held that, based on the totality of the circumstances, a police officer
had probable cause to conduct the warrantless search of the stall occupied by
the defendant and two others.  Id.
at 715-16.  








In Cook, a police officer received
information that several men were dealing heroin or cocaine and Ashooting up@
in a men=s
restroom stall.  The officer knew that
drug transactions occurred in the restrooms at the Summit and that narcotics
could be, and often were, disposed of by flushing them down the toilet.  The officer went inside the restroom, looked
under the stall doors, and saw three pairs of legs in one of the stalls.  Because the officer considered the presence
of three individuals in the stall to be suspicious activity, he investigated
further by going into the adjacent stall. 
He stood up on the toilet and looked down into the subject stall.  The officer saw the defendant handing a bag
containing white powder to one of the other occupants in the stall.  The officer, believing that the white
substance was contraband, identified himself and told the occupants in the
stall to stop what they were doing.  One
of the occupants dropped the bag containing the white powder into the commode,
and the defendant began stuffing a plastic pouch into his waistband.  Later, the police found sixteen bags of
cocaine in the pouch that the defendant had stuffed into his waistband.  Id. at 715.

The Cook court explained that, when the
officer observed three men in the stall, it was not irrational for him to
conclude that they were not using the stall for its regular and intended
purpose.  Id. at 716.  The court stated that, because drugs are
easily disposed of by flushing them down toilets, the situation Amade the circumstances sufficiently
exigent to disallow time to procure a warrant.@  Id. 
The court concluded that the officer had probable cause to conduct the
warrantless search of the stall.  Id.

Cook involved facts similar to the facts in
this case.  In this case, the evidence
established that drug transactions occurred at Dos De Oro, specifically in the
men=s restroom at Dos De Oro.  Dos De Oro was known by the police as a place
where people used and sold drugs, and the police had made many drug arrests at
Dos De Oro.  When Officer Sharp looked
under the stall door, he saw two sets of feet. 
Additionally, the stall door was cracked open; it was not locked and
shut.  Because two men were occupying the
stall, it was rational for the officers to conclude that the stall was not
being used for its regular and intended purpose.  The evidence also showed that narcotics may
be disposed of by flushing them down the toilet, thus creating an exigent
circumstance B possible
destruction of evidence B
that made procuring a warrant impracticable. 
Viewing the totality of the circumstances, the officers had probable
cause to conduct the warrantless search of the restroom stall.  Because the record does not demonstrate that
a motion to suppress would have been granted, appellant=s
ineffective assistance of counsel claim must fail.








Additionally, the record is silent as to appellant=s trial counsel=s
trial strategy, if any, in failing to file a motion to suppress.  Appellant did not raise his ineffective
assistance of counsel claim in his motion for new trial nor did he present any
evidence in support of the claim to the trial court.  Absent record evidence, we must not speculate
as to trial counsel=s
strategy.  Jackson v. State, 877
S.W.2d 768, 771 (Tex. Crim. App. 1994). 
When a record is silent as to trial counsel=s
strategy, we Awill not
conclude the challenged conduct constituted deficient performance unless the
conduct was so outrageous that no competent attorney would have engaged in it.@ 
Garcia v. State, 57 S.W.3d 436, 440 (Tex. Crim. App. 2001).  The record does not establish that appellant=s trial counsel=s
conduct in failing to file a motion to suppress was so outrageous that no
competent attorney would have engaged in it. 
We overrule appellant=s
first issue.

                                                        Newly
Discovered Evidence

In his second issue, appellant complains that the
trial court erred in denying his motion for new trial based on newly discovered
evidence.  At the hearing on his motion
for new trial, appellant introduced a tape recording of a conversation between
his wife and Garcia.  On the tape, Garcia
made the following statement about the cocaine in question:  AYes,
I know it was mine.@  Appellant=s
wife testified that she recorded the conversation after appellant=s trial.  Appellant claims that it was by virtue of
this recorded conversation that he learned Garcia was claiming ownership of the
cocaine. Thus, the newly discovered evidence in this case consists of Garcia=s statement that the cocaine belonged
to him.

The record shows that Garcia was charged with
possession of the cocaine in question. 
On August 18, 2004, Garcia pled guilty to possession of the
cocaine.  The trial court assessed his
punishment at ten years confinement, suspended the sentence, and placed Garcia
on community supervision for five years. 
Garcia testified at the hearing on appellant=s
motion for new trial.  He denied that the
cocaine was his.  He refused to answer
some questions about the cocaine, taking the Fifth Amendment.

An accused is entitled to a new trial when
material evidence favorable to the accused has been discovered since
trial.  Tex.
Code Crim. Proc. Ann. art. 40.001 (Vernon Supp. 2005).  Motions for new trial based upon newly
discovered evidence are not favored by the courts and are viewed with great
caution.  Drew v. State, 743
S.W.2d 207, 225 (Tex. Crim. App. 1987).  








We review a trial court=s
decision to grant or deny a motion for new trial under an abuse of discretion
standard.  Keeter v. State, 74
S.W.3d 31, 37 (Tex. Crim. App. 2002).  To
establish an abuse of discretion in the failure to grant a new trial based on
newly discovered evidence, an appellant must show each of the following
requirements:  (1) that the evidence was
unknown to him before trial; (2) that his failure to discover the evidence was not
due to a lack of diligence; (3) that the new evidence is admissible and not
merely cumulative, corroborative, collateral, or impeaching; and (4) that the
new evidence is probably true and will probably bring about a different result
in a new trial.  Wallace v. State,
106 S.W.3d 103, 108 (Tex. Crim. App. 2003); Keeter, 74 S.W.3d at
36-37.  A failure of a defendant to
establish any of these four essential requirements for a new trial based on
newly discovered evidence warrants the trial court=s
denial of the motion.  Delamora v.
State, 128 S.W.3d 344, 354 (Tex. App.CAustin
2004, pet. ref=d); Shafer
v. State, 82 S.W.3d 553, 556 (Tex. App.CSan
Antonio 2002, pet. ref=d).

Appellant failed to establish the second and
fourth requirements for a new trial based on newly discovered evidence.  To satisfy the second requirement, appellant
had the burden to allege and prove that the failure to discover the evidence
before his trial was not due to a lack of diligence.  Delamora, 128 S.W.3d at 355; Burns
v. State, 844 S.W.2d 934, 935 (Tex. App.CAmarillo
1992, no pet.).  Appellant did not plead
that the failure to discover the evidence was not due to a lack of diligence,
nor did he present any evidence on the issue at the hearing on his motion for
new trial.  The record does not contain
any evidence about appellant=s
efforts, if any, to discover the evidence before trial.  Appellant failed to meet his burden as to the
requirement of due diligence.

To satisfy the fourth requirement, appellant had
the burden to show that the new evidence was probably true and would probably
bring about a different result in a new trial. 
The trial court is the trier of fact at a hearing on a motion for new
trial.  Lewis v. State, 911 S.W.2d
1, 7 (Tex. Crim. App. 1995).  The
credibility of the witnesses and the probable truth of the new evidence is
primarily a determination for the trial court. 
Etter v. State, 679 S.W.2d 511, 515 (Tex. Crim. App. 1984); Williams
v. State, 504 S.W.2d 477, 483 (Tex. Crim. App. 1974).  If the newly discovered evidence is of
questionable weight and credibility and would probably not bring about a
different result upon a new trial, the trial court does not abuse its
discretion in refusing a new trial.  Jones
v. State, 711 S.W.2d 35, 37 (Tex. Crim. App. 1986); Driggers v. State,
940 S.W.2d 699, 709 (Tex. App.CTexarkana
1996, pet. ref=d); Lyon
v. State, 885 S.W.2d 506, 518 (Tex. App.CEl
Paso 1994, pet. ref=d).








Appellant and Garcia were both indicted for
possession of the cocaine.   Tex. Pen. Code Ann. ' 1.07(39) (Vernon Supp. 2005) defines
possession as Aactual
care, custody, control, or management.@  Even if the cocaine belonged to Garcia, both
appellant and Garcia could have possessed the cocaine.  The officers testified that appellant and
Garcia were standing in the restroom stall.  
Officer Sharp testified that he saw appellant throw something, and
Officer Welch testified that he saw appellant=s
arm go down.  After appellant made the
throwing motion, the officers found the bag of cocaine on the floor between
appellant and the toilet.  The evidence
at trial was sufficient to establish that appellant was holding the bag of
cocaine and that appellant was in Aactual
care, custody, control, or management@
of the cocaine.  Based on the evidence at
trial, the trial court could have reasonably concluded that Garcia=s statement that the cocaine was his
would not produce a different result at a new trial on appellant=s possession charge.  Appellant failed to establish the fourth
requirement for a new trial based on newly discovered evidence.

On appeal, appellant asserts that he is entitled
to a new trial under Tex. R. App.
P. 21.3(e) on the ground that Garcia, a material defense witness, was kept away
from court by force, threats, or fraud. 
Appellant relies on Garcia=s
testimony at the hearing on appellant=s
motion for new trial.  At the hearing,
Garcia testified that he could be charged with perjury if he testified the
cocaine belonged to him.  However,
appellant did not present any evidence that the State made any threats or did
anything else to prevent Garcia from testifying at appellant=s trial.  Appellant is not entitled to a new trial
under Rule 21.3(e).

The trial court did not abuse its discretion in
denying appellant=s motion
for new trial based on newly discovered evidence.  We overrule appellant=s
second issue.    

                                                                This
Court=s Ruling

We affirm the judgment of the trial court.                                                                   


 

TERRY McCALL                                JUSTICE

April 13, 2006

Do not publish.  See
Tex. R. App. P. 47.2(b).

Panel
consists of:  Wright, C.J., and 

McCall,
J., and Strange, J.