**Opinion filed February 26, 2009**



In The

# Eleventh Court of Appeals

———————

### No. 11-07-00277-CR

———————

### DARRELL ALLEN LEMASTER, Appellant
### V.
### STATE OF TEXAS, Appellee

**On Appeal from the 91st District Court**

**Eastland County, Texas**

**Trial Court Cause No. CR-03-20,195**

### M E M O R A N D U M   O P I N I O N

Darrell Allen LeMaster was indicted for the second degree felony offense of indecency with a child. After the trial court denied his motion to suppress, appellant pleaded guilty, without the benefit of a plea bargain agreement, to the offense. The trial court convicted appellant and assessed his punishment at confinement for eight years. In a single issue, appellant contends that the trial court erred by denying his motion to suppress. We affirm.

On October 15, 2003, Texas Ranger David Hullum took a written statement from appellant. Appellant signed the statement. Appellant filed a motion to suppress the statement. At the hearing on the motion, Ranger Hullum testified that he advised appellant of his constitutional rights before appellant gave the statement and that appellant waived those rights. The preliminary paragraphs of the statement provided that "[it was] being given voluntarily, without fear of duress or threat, and

without promise of leniency"; that appellant had been advised of his constitutional rights; and that, prior to and during the making of the statement, appellant had knowingly, intelligently, and voluntarily waived those rights. Appellant placed his initials beside each of the listed constitutional rights and his waiver of those rights.

Appellant argues that the trial court erred in denying his motion to suppress the statement because it was coerced and involuntarily given. Specifically, appellant claims that he gave the statement because Ranger Hullum threatened to request a bond in the amount of $250,000 so that appellant would remain in jail until the matter was concluded.

To be admissible, a statement must be freely and voluntarily made without compulsion or persuasion. TEX. CODE CRIM. PROC. ANN. art. 38.21 (Vernon 2005). Factual determinations made by the trial court at a hearing on a motion to suppress evidence shall not be disturbed on appeal if those findings are supported by the record. *Johnson v. State*, 803 S.W.2d 272, 287 (Tex. Crim. App. 1990); *Hooks v. State*, 73 S.W.3d 398, 401 (Tex. App.—Eastland 2002, no pet.). At a hearing on a motion to suppress evidence, the trial court is the sole judge of the weight and credibility of the evidence; the trial court's finding may not be disturbed on appeal absent a clear abuse of discretion. *Alvarado v. State*, 853 S.W.2d 17, 23 (Tex. Crim. App. 1993); *Hooks*, 73 S.W.3d at 401.

Appellant testified that "Ranger Hullum told me that if I didn't give him a statement of what he wanted to hear, he was going to request a $250,000 bond put on me, and I wouldn't ever get out of jail until this was over with." Ranger Hullum testified that he did not make such a statement to appellant. He also testified that he did not coerce, threaten, or entice appellant into giving a statement. Ranger Hullum said that he may have discussed the subject of a bond with appellant after the statement was taken. The trial court was entitled to believe Ranger Hullum's testimony and to disbelieve appellant's testimony. *Meek v. State*, 790 S.W.2d 618, 620 (Tex. Crim. App. 1990); *Hooks*, 73 S.W.3d at 401. Therefore, the trial court did not err in concluding that appellant's statement was freely and voluntarily made. We overrule appellant's issue.

We affirm the judgment of the trial court.

February 26, 2009                                           TERRY McCALL

Do not publish. *See* TEX. R. APP. P. 47.2(b).          JUSTICE

Panel consists of: Wright, C.J.,
McCall, J., and Strange, J.