Opinion filed February 26, 2009











 
 
  
 
 







 
 
  
 
 




Opinion filed February 26,
2009

 

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh
Court of Appeals

                                                                 ____________

 

                                                          No. 11-07-00277-CR

                                                    __________

 

                            DARRELL ALLEN LEMASTER, Appellant

                                                             V.

                                        STATE
OF TEXAS, Appellee

 



 

                                          On
Appeal from the 91st District Court

                                                        Eastland
County, Texas

                                             Trial
Court Cause No. CR-03-20,195

 



 

                                             M
E M O R A N D U M   O P I N I O N

Darrell
Allen LeMaster was indicted for the second degree felony offense of indecency
with a child.  After the trial court denied his motion to suppress, appellant
pleaded guilty, without the benefit of a plea bargain agreement, to the
offense.  The trial court convicted appellant and assessed his punishment at
confinement for eight years.  In a single issue, appellant contends that the
trial court erred by denying his motion to suppress.  We affirm.








On
October 15, 2003, Texas Ranger David Hullum took a written statement from
appellant.  Appellant signed the statement.  Appellant filed a motion to
suppress the statement.  At the hearing on the motion, Ranger Hullum testified
that he advised appellant of his constitutional rights before appellant gave
the statement and that appellant waived those rights.  The preliminary
paragraphs of the statement provided that A[it
was] being given voluntarily, without fear of duress or threat, and without
promise of leniency@;
that appellant had been advised of his constitutional rights; and that, prior
to and during the making of the statement, appellant had knowingly,
intelligently, and voluntarily waived those rights.  Appellant placed his
initials beside each of the listed constitutional rights and his waiver of
those rights.

Appellant
argues that the trial court erred in denying his motion to suppress the statement
because it was coerced and involuntarily given.  Specifically, appellant claims
that he gave the statement because Ranger Hullum threatened to request a bond
in the amount of $250,000 so that appellant would remain in jail until the
matter was concluded.

To
be admissible, a statement must be freely and voluntarily made without
compulsion or persuasion.  Tex. Code
Crim. Proc. Ann. art. 38.21 (Vernon 2005).  Factual determinations made
by the trial court at a hearing on a motion to suppress evidence shall not be
disturbed on appeal if those findings are supported by the record.  Johnson
v. State, 803 S.W.2d 272, 287 (Tex. Crim. App. 1990); Hooks v. State,
73 S.W.3d 398, 401 (Tex. App.CEastland
2002, no pet.).  At a hearing on a motion to suppress evidence, the trial court
is the sole judge of the weight and credibility of the evidence; the trial
court=s finding may
not be disturbed on appeal absent a clear abuse of discretion.  Alvarado v.
State, 853 S.W.2d 17, 23 (Tex. Crim. App. 1993); Hooks, 73 S.W.3d at
401.

Appellant
testified that ARanger
Hullum told me that if I didn=t
give him a statement of what he wanted to hear, he was going to request a
$250,000 bond put on me, and I wouldn=t
ever get out of jail until this was over with.@ 
Ranger Hullum testified that he did not make such a statement to appellant.  He
also testified that he did not coerce, threaten, or entice appellant into
giving a statement.  Ranger Hullum said that he may have discussed the subject
of a bond with appellant after the statement was taken.  The trial court was
entitled to believe Ranger Hullum=s
testimony and to disbelieve appellant=s
testimony.  Meek v. State, 790 S.W.2d 618, 620 (Tex. Crim. App. 1990); Hooks,
73 S.W.3d at 401.  Therefore, the trial court did not err in concluding that
appellant=s statement
was freely and voluntarily made.  We overrule appellant=s issue.

 We
affirm the judgment of the trial court.  

 

February 26, 2009                                                                   TERRY
McCALL

Do not publish.  See Tex. R. App. P. 47.2(b).                         JUSTICE

Panel consists of:  Wright, C.J.,

McCall, J., and Strange, J.