Donald Ray FITZGERALD, Appellant,

v.

The STATE of Texas, Appellee.

No. 12–85–0076–CR.

Court of Appeals of Texas, Tyler.

Jan. 15, 1987.

Rehearing Denied Feb. 5, 1987.

Bobby Freeman, Palestine, for appellant.

Richard Handorf, Dist. Atty., Palestine, for appellee.

COLLEY, Justice.

Donald Ray Fitzgerald was convicted by a jury of felony escape. Punishment, enhanced by two prior felony convictions, was

assessed by the jury at fifty years' confinement.

Fitzgerald urges seven points of error, none of which challenges the sufficiency of the evidence to support his conviction. We conclude that points two and four must be sustained, and therefore reverse the judgment and remand the cause for a new trial.

The pertinent facts are these. On February 1, 1983, Fitzgerald and two other inmates broke out of a dormitory in the Beto II Unit of the Texas Department of Corrections where Fitzgerald was confined under a sentence imposed for conviction of aggravated robbery. His escape apparently occurred sometime prior to 7:00 a.m. on that date. A search ensued by prison officials. At approximately 7:00 p.m. on February 1, 1983, police officers were dispatched to the home of Bobby C. Mayo where Fitzgerald and another escapee, Wilford Dimsdle, had attempted to force their way into the home. Mayo testified for the State on rebuttal that on the occasion Fitzgerald was armed with a knife, and that he was cut by Fitzgerald. The escapees fled without effecting entry into the home when Mayo's son came to his rescue armed with a shotgun. Sometime later, Fitzgerald and Dimsdle were captured by law officers in a wooded area located a short distance from Mayo's home.

After the State rested its case in chief, Fitzgerald produced fellow escapee Wilford Dimsdle as a witness in his behalf. Dimsdle testified that on January 20, 1983, a corrections officer armed with a knife came into the showers where Fitzgerald and other inmates were bathing. According to Dimsdle's testimony, Fitzgerald joined Dimsdle and another inmate in reporting the incident to the federal special master overseeing the Department of Corrections. Following that action, Dimsdle stated that the same officer who allegedly accosted Fitzgerald in the shower with the knife thereafter approached Fitzgerald and told him, "I'm going to get you...." Both Fitzgerald and the State agree that Dims-

dle's testimony raised the justification defense of necessity which was submitted to the jury in the court's charge at the guilt/innocence phase. The State was permitted, over Fitzgerald's objection, to cross-examine Dimsdle about the extraneous offenses committed by him and Fitzgerald at the Mayo home. Furthermore, the State, also over Fitzgerald's objections, was permitted, in rebuttal, to present Mayo's testimony detailing the transaction at his home. The State concedes that Fitzgerald's conduct at Mayo's home constituted attempted murder and burglary.

■ By his second point of error, Fitzgerald contends that the trial court erred in admitting the testimony describing these extraneous offenses, and that the error requires reversal. The State counters with the argument that the testimony was admissible under *Albrecht v. State*, 486 S.W.2d 97 (Tex.Cr.App.1972), to show the context in which the criminal act [escape] occurred, to show motive, and to refute the defense of necessity. The State claims, "[t]he offense of escape does not abruptly end when appellant is outside the confines of the penitentiary but only when appellant returned [sic] to custody." The State also contends that "[b]y raising the issue of necessity Appellant placed his motive for escape in issue," and the "evidence of burglary and attempted murder go to refute the ... [defense] of necessity and show the Appellant's motive was to remain at large." We view these contentions as untenable. Under the provisions of former Tex.Penal Code Ann. § 38.07(a) (Vernon 1986),[1] the elements of the offense of escape are "that a person (1) escapes (2) from custody (3) after having been arrested for, charged with or convicted of an offense." *Henderson v. State*, 600 S.W.2d 788, 789 (Tex.Cr.App.1980) (citations omitted). Once Fitzgerald broke out of confines of Beto II, the offense of escape was completed, and his unlawful behavior during the time he was at large is immaterial to that offense.

---

1. Act of June 14, 1973, ch. 399, § 1, 1973 Tex. Gen.Laws 883, 950; amended Act of June 8, 1985, ch. 328, § 1, 1985 Tex.Gen.Laws 1391, 1392 (hereafter referred to as section 38.07(a).

The Court of Criminal Appeals has consistently held the general rule to be that proof of an extraneous offense is irrelevant to "material issues in the case on trial and therefore inadmissible." *McCann v. State,* 606 S.W.2d 897, 899–900 (Tex.Cr.App.1980) (citations omitted). Evidence of extraneous offenses even falling within an "exception" to the "general rule" is still inadmissible unless it tends to prove an element of the offense for which a defendant is on trial. *McCann,* at 901. *See also Murphy v. State,* 587 S.W.2d 718, 721 (Tex.Cr.App. 1979). The evidence of the attempted murder and burglary transaction is clearly immaterial. The State also argues that the evidence was admissible to refute the defense of necessity raised by defense testimony, in that it tends to show the escape was motivated by Fitzgerald's desire "to remain at large." Assuming for the sake of argument only, that the evidence in question has some relevance, and tends to refute the defense, the question nevertheless remains, does that relevancy outweigh its "prejudicial potential"? We conclude that it does not. Tex.Penal Code Ann. § 9.22(1), (2) (Vernon 1974) provides a justification defense in the following language, to-wit:

Conduct is justified if:
(1) the actor reasonably believes the conduct is immediately necessary to avoid imminent harm; [and]
(2) the desirability and urgency of avoiding the harm clearly outweigh, according to ordinary standards of reasonableness, the harm sought to be prevented by the law [proscribing] the conduct;
. . . .

So under this record, if Fitzgerald reasonably believed that his escape was immediately necessary to avoid physical abuse, and that the desirability and urgency of avoiding the abuse clearly outweighed, according to ordinary standards of reasonableness, the harm sought to be prevented by the law of escape, then he was justified in escaping. But although

Fitzgerald may have had such a belief, reasonable under the standards of the statute, nevertheless he still could have harbored a desire to remain permanently free from the constraints of prison. In other words, his reasonable belief that his immediate escape was necessary to avoid unlawful physical abuse at the hands of a correction officer was not necessarily inconsistent with his desire to remain perpetually at large. On balance, we conclude that any relevance of the evidence to refute the defense of necessity is clearly outweighed by the inherently prejudicial nature of the evidence itself. The evidence demonstrated Fitzgerald's propensity to commit criminal acts, and operated to expose him to trials of the attempted murder and burglary offenses without notice. The admission of such evidence requires reversal. *See Murphy v. State,* 587 S.W.2d at 721. Fitzgerald's second point of error is sustained.

Our decision on point two is dispositive of the appeal, but we briefly address the remaining points of error in the event of a retrial. By his first point of error, Fitzgerald complains of the participation of a special prosecutor[2] for the State in the trial of his case. He contends that he was denied a fair and impartial trial by virtue of the participation of the special prosecutor. The same contention was rejected by the Texas Court of Criminal Appeals in *Ex parte Powers,* 487 S.W.2d 101, 104 (Tex.Cr. App.1972). *See also Powers v. Hauck,* 399 F.2d 322, 323–326 (5th Cir.1968). In addition, Fitzgerald claims that the statutes of this State do not permit the State to utilize the services of a special prosecutor under the circumstances here involved.[3] This claim is without merit. *See Davis v. State,* 513 S.W.2d 928, 931 (Tex.Cr.App.1974); *Ballard v. State,* 519 S.W.2d 426, 428 (Tex. Cr.App.1974). Point one is overruled.

In point three, Fitzgerald challenges a paragraph of the court's charge contending that the justification defense was an element of the offense of escape, and that the

2. The Honorable David Weeks, Assistant District Attorney of Walker County, Texas.

3. The District Attorney of Anderson County was active in the trial.

failure of the court to so charge was reversible error. The point is without merit and is overruled. The paragraph of the charge applying the law of escape to the facts was substantially correct. Additionally, the court charged on the law of the justification defense of necessity in substantially correct language. Fitzgerald made no objection to the court's charge and there is no fundamental error shown. Point three is overruled.

■ In his fourth point of error, Fitzgerald asserts that the first conviction alleged by the State to enhance punishment was not available for that purpose because proof thereof was an essential element of the charged offense of escape, citing *Ramirez v. State*, 527 S.W.2d 542, 543–544 (Tex.Cr.App.1975). The State contends that Ramirez is not applicable here. In *Ramirez*, the defendant was convicted in a bench trial of the offense of unlawful possession of a firearm by a felon. The underlying felony relied on in the primary offense and alleged in the indictment was murder without malice. The indictment also alleged the same murder without malice conviction for enhancement purposes. The Court of Criminal Appeals held, relying on early authorities of that court, that the murder conviction having been alleged as an element of the offense in the indictment was not available and could not be used to enhance punishment. *Ramirez* at 544. We reject the State's argument and conclude that *Ramirez* requires us to sustain this portion of Fitzgerald's point four. The record conclusively shows that Fitzgerald, at the time of his escape, was incarcerated under sentence pronounced and based on the first offense alleged for enhancement purposes, that is, aggravated robbery.[4] Hence, proof of Fitzgerald's final conviction of aggravated robbery was an essential element of the escape offense for which he was prosecuted. Section 38.07(a); *Ramirez, supra.* The trial court should have stricken the allegation thereof in the

enhancement count. Fitzgerald also argues that the second conviction alleged for enhancement purposes was void.

■ Fitzgerald asserts that the evidence introduced by the State[5] shows that he was convicted on May 21, 1973, of theft in Cause No. 182,670 and burglary with intent to commit theft in Cause No. 182,669 on his guilty pleas in the 182nd District Court of Harris County; and that the allegations in each indictment reveal that both offenses were committed on the same day and against the same victim. Fitzgerald argues that, on these facts, the presumption obtains that his burglary conviction occurred first since it bears a smaller cause number. Thus the theft conviction in 182,670 is void under the now discarded carving doctrine[6] and was unavailable for enhancement purposes. The record does not support this contention. No copies of the indictments of the theft and burglary cases were introduced into evidence and their contents were not otherwise proved. The State, by introducing admissible copies of the judgment and sentence of the theft conviction, made a prima facie case whereupon the burden of proof shifted to Fitzgerald in this collateral attack against that conviction demonstrate that such conviction was void. *Ex parte Guzman*, 589 S.W.2d 461, 464 (Tex.Cr.App.1979). He failed to discharge that burden, and therefore his contention under his fourth point that the theft conviction was void is without merit and is overruled.

■ By his fifth point of error Fitzgerald correctly contends that the court's punishment charge fails to instruct the jury properly under Tex.Penal Code Ann. § 12.-42(d) (Vernon Supp.1987) that before they can assess punishment as provided by subsection (d), they must find that the first prior conviction became final before the offense alleged in the second prior conviction was committed.

---

4. Alleged in the indictment as an element of the escape offense.

5. State's Exhibit No. 4.

6. *See Ex parte Adams*, 541 S.W.2d 440, 441 (Tex. Cr.App.1976).

Fitzgerald claims in his sixth point of error that the second enhancement paragraph of the indictment is fundamentally defective because it did not allege the fact that the aggravated robbery offense [7] was committed after the theft conviction became final. We see no merit in this point. While the language used in the second enhancement paragraph of the indictment could be improved upon, we conclude that the allegation incorporated therein [8] was substantially correct. In any event, we hold that the allegations of the first and second enhancement paragraphs were sufficient to provide Fitzgerald with notice of the prior convictions relied upon by the State for enhancement of punishment. Allegations of prior convictions "need not have the specificity required of the primary count [offense]." *Coleman v. State*, 577 S.W.2d 486, 488 (Tex.Cr.App.1979). The purpose of the allegation is to provide the defendant with notice of the prior convictions relied on by the State for enhancement purposes. We conclude that the allegations in the present indictment are sufficient to provide Fitzgerald with that notice. *Cole v. State*, 611 S.W.2d 79, 82 (Tex.Cr. App.1981).

Finally, Fitzgerald argues under point seven that the trial court at the punishment phase failed to charge the jury on the range of punishment in the event that the jury answered "not true" to the allegations of both prior convictions. He also contends that the court erred in failing to charge the jury on the range of punishment in the event that the jury found that he had been convicted of only one prior offense. Our review of the charge as a whole persuades us that the charge did adequately advise the jury of the punishment range for escape, but did not properly charge the jury pursuant to Tex.Penal Code Ann. § 12.42(a) (Vernon 1974) respecting the range of punishment in the event the jury found that Fitzgerald had only one prior

conviction. Fitzgerald failed to object to the charge on that basis, and in the absence of an objection no fundamental error is shown, that is to say, no egregious harm has been suffered by Fitzgerald by reason of the deficiency. *Almanza v. State*, 686 S.W.2d 157 (Tex.Cr.App.1984). Moreover, we conclude that the error operated more to the State's prejudice than to Fitzgerald's. No error requiring reversal is demonstrated by point seven.

The judgment of conviction is reversed and the case is remanded for a new trial.

---

7. 1982 conviction of aggravated robbery alleged in first enhancement paragraph.

8. "That [the 1973 theft conviction was an] offense committed by [Fitzgerald] ... prior to the

commission and conviction of the offense [aggravated robbery as alleged in the second enhancement paragraph]...."