TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-02-00171-CR






Lionel D. Murphy, Jr., Appellant


v.


The State of Texas, Appellee






FROM THE CRIMINAL DISTRICT COURT NO. 2 OF TARRANT COUNTY

NO. 0809303D, HONORABLE WAYNE F. SALVANT, JUDGE PRESIDING





 Appellant Lionel D. Murphy, Jr. was convicted of aggravated assault with a deadly
weapon. Tex. Pen. Code Ann. § 22.02(a)(2) (West Supp. 2002). He pleaded true to the
enhancement paragraph, and the jury assessed his punishment at twenty-seven years' confinement
in the Texas Department of Corrections Institutional Division. He raises no complaint relating to
the guilt-innocence phase of trial and does not challenge his conviction. In three point of error,
appellant complains that at the punishment phase of trial the district court erred by: (1) failing to
instruct the jury that it could consider evidence of his previous convictions only if it believed beyond
a reasonable doubt that appellant committed those offenses; (2) allowing appellant's punishment to
be enhanced with a previous felony conviction that he deems void because it violated the "carving
doctrine"; and (3) permitting the State to introduce evidence of appellant's misdemeanor convictions
based on offenses committed before January 1, 1996. We will affirm the district court's judgment.

BACKGROUND

 In January of 2002, a jury found appellant guilty of the offense of aggravated assault
with a deadly weapon. At the beginning of the punishment phase of trial, appellant presented two
oral motions, neither of which had been filed in writing. Appellant first requested that the
enhancement paragraph in the indictment be struck because it contained a conviction that appellant
believed violated the "carving doctrine" and was, therefore, void. The district court denied this
motion. Then, with regard to the jury charge, appellant requested a burden of proof instruction as
to the enhancement allegation and as to extraneous offenses that the State would present. The
district court took this motion under advisement but did not rule and did not include a burden of
proof instruction in the jury charge.

 Thereafter, appellant pleaded true to the enhancement paragraph, and agreed to the
introduction of evidence of eight previous misdemeanor convictions and the felony conviction set
out in the enhancement paragraph. Appellant also stipulated that he was the person convicted in
each instance. When asked, appellant stated that he had no objection to the court's charge to the
jury.


DISCUSSION

Instruction on State's Burden of Proof

 Appellant contends that he is entitled to a new punishment hearing because the trial
court erred by failing to give a burden of proof instruction relating to the felony conviction contained
in the indictment's enhancement paragraph and the eight misdemeanor convictions admitted in
evidence. He contends that the jury should have been instructed that it must find beyond a
reasonable doubt that he committed those offenses in order to consider them with regard to his
punishment.

 At the punishment phase of trial, the trial court can admit evidence of the defendant's
prior criminal record. The Texas Code of Criminal Procedure states:


[E]vidence may be offered by the state and the defendant as to any matter the court
deems relevant to sentencing, including but not limited to the prior criminal record
of the defendant, his general reputation, his character, an opinion regarding his
character, the circumstances of the offense for which he is being tried, and, not
withstanding Rules 404 and 405, Texas Rules of Evidence, any other evidence of an
extraneous crime or bad act that is shown beyond a reasonable doubt by evidence
to have been committed by the defendant or for which he could be held criminally
responsible, regardless of whether he has previously been charged with or finally
convicted of the crime or act.



Tex. Code Crim. Proc. Ann. art. 37.07, § 3(a)(1) (West Supp. 2002) (emphasis added).

 Appellant failed to obtain a ruling on his request for an instruction and affirmatively
stated that he had no objection to the charge as given without it. Appellant nevertheless argues that
failure to give the instruction concerning bad acts or extraneous offenses is jury charge error. See
Huizar v. State, 12 S.W.3d 479, 484 (Tex. Crim. App. 2000) (holding that if courts admit evidence
of extraneous offenses at the punishment phase, they must give a reasonable doubt charge, even in
the absence of a request or objection). Additionally, appellant contends that his failure to object to
this type of omission does not waive his right to appeal the issue. See Bluitt v. State, 70 S.W.3d 901,
904 (Tex. App.--Fort Worth 2002, no pet.).

 The State responds that article 37.07, section 3(a)(1), requires a reasonable doubt
instruction only for evidence of unadjudicated extraneous offenses or bad acts, but not for evidence
of a prior criminal conviction. Sanders v. State, 69 S.W.3d 690, 694 (Tex. App.--Texarkana 2002,
pet. dism'd w.o.j.) (instruction not required for duly recorded convictions); see also Willover v. State,
2002 Tex. App. LEXIS 5774, at *6 (Tex. App.--Houston [1st Dist.] Aug. 8, 2002, no pet. h.)
(concluding that appellant not entitled to instruction that extraneous crimes and bad acts be proved
beyond a reasonable doubt where prior misdemeanor convictions are not evidence of extraneous
crimes and bad acts). We agree.

 In any event, even assuming 37.07 could be construed to include previous convictions
as extraneous offenses, thus requiring a burden of proof instruction, we would have to determine
whether the lack of such an instruction harmed appellant. See Almanza v. State, 686 S.W.2d 157,
171 (Tex. Crim. App. 1985). If a defendant fails to object to some claimed error in the court's
charge, the reviewing court will not reverse unless the record demonstrates that the error was so
egregiously harmful that the defendant did not receive a fair and impartial trial. Id.; see also Poole
v. State, 974 S.W.2d 892, 900 (Tex. App.-Austin 1998, no pet.). Appellant pleaded true to the
enhancement paragraph containing his prior felony conviction. He further agreed to admission of
evidence of that conviction and of his eight prior misdemeanor convictions and stipulated that he was
the person convicted of these crimes. We therefore cannot say he suffered egregious harm. See
Fails v. State, 999 S.W.2d 144, 148 (Tex. App.--Dallas 1999, pet. ref'd) (holding failure to give 
instruction harmless when defendant admitted committing extraneous offense). We overrule
appellant's first point of error.


Introduction of a Void Prior Felony Conviction

 In his second point of error, appellant contends that he is entitled to a new hearing on
punishment because in assessing sentence the district court allowed the jury to consider evidence of
a void felony conviction in which he was convicted in one judgment of both aggravated assault with
a deadly weapon and aggravated assault with serious bodily injury. He asserts the conviction is void
for violating the "carving doctrine" because both offenses allegedly arose out of the same incident. 
Although appellant makes the assertion, the record contains no evidence to support his contention.

 Appellant's complaint is directed to the form or substance of the indictment. The
conviction about which he complains was alleged in the enhancement paragraph. To preserve error
regarding the indictment, he must raise his complaint before trial or it is waived. Tex. Code Crim
Proc. Ann. art. 1.14(b) (West Supp. 2002); see also Studer v. State, 799 S.W.2d 263, 268 (Tex. Crim.
App. 1990); Watson v. State, 923 S.W.2d 829, 833 (Tex. App.--Austin 1996, pet ref'd). Because
he did not assert his complaint except by oral motion after a finding of guilt, we hold that appellant
waived his complaint.

 Even assuming appellant preserved his complaint, we nevertheless hold that it lacks
merit. Texas previously adhered to the "carving doctrine," which held that where multiple offenses
required the same evidence to convict, or where multiple offenses were part of the same continuous
transaction, the State could "carve" only one conviction from the same criminal transaction. See
Jackson v. The State, 43 Tex. 421, 423 (1875); see also Quitzow v. The State, 1 Tex. Ct. App. 47,
53-54 (1876). Texas abandoned the carving doctrine in 1982. Ex parte McWilliams, 634 S.W.2d
815, 822-823 (Tex. Crim. App. 1982). However, courts cannot retroactively apply the effect of this
abandonment. See Ex parte Scales, 853 S.W.2d 586, 588 (Tex. Crim. App. 1993). Appellant argues
that because the offenses underlying the conviction alleged in the enhancement paragraph occurred
while the doctrine was in effect, the district court erred in admitting evidence relating to the offenses
during the punishment phase.

 We will assume that appellant can raise this complaint in this appeal. See, e.g.,
Owens v. State, 851 S.W.2d 398, 399 (Tex. App.--Fort Worth 1993, no pet.) (stating that carving
violation was fundamental error that would "call for review when raised at almost any time," and
would not have to be preserved for post-conviction collateral attack). However, appellant has
produced no evidence to demonstrate that his 1976 conviction violated the carving doctrine. The
record does not contain the original indictment from his 1976 conviction or any evidence concerning 
the circumstances and timing of the incident leading to this conviction. See Fitzgerald v. State, 722
S.W.2d 817, 821 (Tex. App.--Tyler 1987), aff'd, 782 S.W.2d 876 (Tex. Crim. App. 1990). In
Fitzgerald, the Twelfth District Court of Appeals rejected the appellant's carving doctrine argument
on the grounds that it was not supported by the record. That court wrote:


Fitzgerald argues that . . . the theft conviction in [Cause No.] 182,670 is void under
the now discarded carving doctrine and was unavailable for enhancement purposes. 
The record does not support this contention. No copies of the indictments of the theft
and burglary cases were introduced into evidence and their contents were not
otherwise proved. The State, by introducing admissible copies of the judgment and
sentence of the theft conviction, made a prima facie case whereupon the burden of
proof shifted to Fitzgerald in this collateral attack against that conviction demonstrate
that such conviction was void.



Fitzgerald, 722 S.W.2d at 821; see also Rubino, 770 S.W.2d at 805 (holding that differences in time
and place between appellant's first assaultive act and then attempted murder were such that incident
was one continuous assaultive transaction). Appellant is in the same situation as the defendant in
Fitzgerald.

 Furthermore, appellant has only one previous conviction; there is only one judgment.
The enhancement provision and the judgment from appellant's 1976 conviction both state that
appellant was convicted of "the felony offense of aggravated assault with a deadly weapon and
aggravated assault with serious bodily injury." From this wording, the trial court could conclude that
appellant was convicted of one offense alleging two alternative but consistent theories of
commission. In any event, at least one conviction would be valid. See Owens, 851 S.W.2d at 399. 
Because appellant has not presented the original indictment nor any proof of facts regarding the
incident underlying this conviction, he has failed to carry his burden to challenge the State's evidence
of a valid conviction, to which appellant stipulated. We cannot conclude otherwise as a matter of
law, based solely on appellant's unsupported assertion, that his 1976 conviction is void. We overrule
appellant's second point of error.


Admission of Prior Misdemeanor Convictions 

 In his third point of error, appellant complains that the district court erred by
permitting the State to introduce evidence of his misdemeanor convictions that occurred prior to
January 1, 1996. According to the code of criminal procedure: "Evidence of an adjudication for
conduct that is a violation of a penal law of the grade of misdemeanor punishable by confinement
in jail is admissible only if the conduct upon which the adjudication is based occurred on or after
January 1, 1996." Tex. Code Crim. Proc. Ann. art. 37.07, § 3(i)(West Supp. 2002).

 Another court of appeals has recently decided this issue. In Freeman v. State, 74
S.W.3d 913, 917 (Tex. App.--Amarillo 2002, pet. filed), the court held that the appellant failed to
preserve his complaint for review because he did not object to the introduction of the questioned
evidence. As in this case, the appellant in Freeman argued that, according to article 37.07, section
3(i), the trial court committed error by admitting his 1992 misdemeanor conviction into evidence at
the punishment phase of his trial. Id. The court rejected the complaint on the general principle that,
to preserve error in admitting evidence, the petitioning party must make a specific objection at the
time the evidence is admitted and obtain a ruling on that objection. Id.; see also Tex. R. App. P.
33.1(a); Tex. R. Evid. 103(a)(1); Broxton v. State, 909 S.W.2d 912, 918 (Tex. Crim. App. 1995). 
Here, appellant not only failed to object to the admission of his prior misdemeanors at the time they
were introduced into evidence, but he also agreed to their admission and stipulated that he was the
one convicted in each instance. He therefore waived his complaint.

 We note that at least one court of appeals has held that the prohibition in article 37.07,
section 3(i), is directed to juvenile adjudications, not to misdemeanor convictions. See Hooks v.
State, 73 S.W.3d 398, 402 (Tex. App.--Eastland 2002, no pet. h.) (evidence of the defendant's past
misdemeanor convictions properly admitted because in context section 3(i) relates to juvenile
adjudications); (1) see also Freeman, 74 S.W.3d at 917 (concerning evidence of prior juvenile
adjudications). Because of our disposition of appellant's complaints, we need not decide that issue. 
We overrule appellant's third point of error.


CONCLUSION


 Because we overrule all of appellant's points of error, we affirm the judgment of the
district court.



 

 Marilyn Aboussie, Chief Justice

Before Chief Justice Aboussie, Justices Patterson and Puryear

Affirmed

Filed: October 24, 2002

Do Not Publish

1. Originally, section 3(i) was classified as section 3(h). Section 3(a)(1), which addresses a
juvenile adjudication, references section 3(h) and its prohibition on admission of misdemeanors
before 1996. See Hooks v. State, 73 S.W.3d 398, 402 (citing Act of June 2, 1997, 75th Leg., R.S.,
ch. 1086, §31, 1997 Tex. Gen. Laws 4179, 4191).