ACCEPTED
06-15-00057-CR
SIXTH COURT OF APPEALS
TEXARKANA, TEXAS
9/2/2015 10:16:59 AM
DEBBIE AUTREY
CLERK

No.  06-15-0057-CR

IN THE SIXTH COURT OF APPEALS

at TEXARKANA

FILED IN
6th COURT OF APPEALS
TEXARKANA, TEXAS
9/2/2015 10:16:59 AM
DEBBIE AUTREY
Clerk

---

**MARCUS LESLIE,**

*Appellant*

**vs.**

**STATE OF TEXAS,**

*Appellee*

---

Appeal from the District Court of Bowie County, Texas
5th Judicial District

---

**APPELLANT'S BRIEF**

---

Troy Hornsby

*Miller, James, Miller & Hornsby, L.L.P.*
1725 Galleria Oaks Drive
Texarkana, Texas 75503
troy.hornsby@gmail.com
903.794.2711, f. 903.792.1276

Attorney for Appellant
Marcus Leslie

**Oral Argument Requested**

## IDENTITY OF PARTIES AND COUNSEL

Pursuant to Texas Rule of Appellate Procedure 38.1(a), the following is a complete list of all parties to the trial court's judgment and the names and addresses of all trial and appellate counsel:

| **Appellant** | **Appellant's appellate counsel** |
|---|---|
| Marcus Leslie | Troy Hornsby |
| | *Miller, James, Miller, & Hornsby, LLP* |
| | 1725 Galleria Oaks Drive |
| | Texarkana, Texas 75503 |
| | |
| | **Appellant's trial counsel** |
| | |
| | Chad Crowl |
| | Bowie Co. Public Defender's Office |
| | 424 W. Broad Street |
| | Texarkana, Texas 75501 |
| | |
| **Appellee** | **Appellee's appellate/trial counsel** |
| | |
| State of Texas | Samantha Oglesby |
| | Bowie County Dist. Attorney's Office |
| | 601 Main Street |
| | Texarkana, Texas 75501 |

## TABLE OF CONTENTS

Identity of Parties and Counsel . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

Table of Contents . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

Index of Authorities . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

Statement of the Case . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

Issues Presented . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

Statement of Oral Argument . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

Statement of Facts . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

Summary of the Argument . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

Argument . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

    **Issue One:** The habitual-offender enhancement allegation in the notice of enhancement was defective because it did not allege that the second felony occurred after the first felony conviction became final.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

    Preservation of Error . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

    Standard of Review . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

    Law and Application . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

    Harmful Error . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

    **Issue Two:** There was insufficient evidence to establish that Leslie "used" the deadly weapon or placed anyone in danger which are required to support an affirmative deadly weapon finding. . 21

    Preservation of Error . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21

    Standard of Review . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22

    Law and Application . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22

    Harmful Error . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 25

Prayer . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 26

Certificate of Service . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 27

Certificate of Compliance . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 28

# INDEX OF AUTHORITIES

**CASES:**                                                                                            **PAGE**

*Box v. State*,
     05-12-00421-CR (Tex. App.–Dallas Mar. 28, 2013, no pet.)(mem. op.)   . 19

*Brooks v. State*,
     957 S.W.2d 30 (Tex. Crim. App. 1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

*Brooks v. State*,
     323 S.W.3d 893 (Tex. Crim. App. 2010) . . . . . . . . . . . . . . . . . . . . . . . . . . 22

*Cates v. State*,
     102 S.W.3d 735 (Tex. Crim. App. 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . 24

*Collier v. State*,
     999 S.W.2d 779 (Tex. Crim. App. 1999) . . . . . . . . . . . . . . . . . . . . . . . . . . 21

*Davis v. State*,
     897 S.W.2d 791 (Tex. Crim. App. 1995) . . . . . . . . . . . . . . . . . . . . . . . . . . 23

*Derichsweiler v. State*,
     359 S.W.3d 342 (Tex. App.–Fort Worth 2012, pet. ref'd) . . . . . . . . . . . . . 19

*Drichas v. State*,
     175 S.W.3d 795 (Tex. Crim. App. 2005) . . . . . . . . . . . . . . . . . . . . . . 23,24

*Ex parte Jones*,
     957 S.W.2d 849 (Tex. Crim. App. 1997) . . . . . . . . . . . . . . . . . . . . . . . . . . 24

*Ex Parte Lewis*,
     AP-75,568 (Tex. Crim. App. Dec. 13, 2006)(mem. op.) . . . . . . . . . . . . . . 18

*Ex parte Mathis*,
     571 S.W.2d 186 (Tex. Crim. App. 1978) . . . . . . . . . . . . . . . . . . . . . . . . . . 16

*Ex parte Petty*,
     833 S.W.2d 145 (Tex. Crim. App. 1992) . . . . . . . . . . . . . . . . . . . . . . . 24,25

*Fitzgerald v. State*,
     722 S.W.2d 817 (Tex. App.–Tyler 1987),
     *aff'd*, 782 S.W.2d 876 (Tex. Crim. App. 1990) . . . . . . . . . . . . . . . . . . . . . 19

*Flanary v. State,*
    316 S.W.2d 897 (Tex. Crim. App. 1958) (op. on reh'g) . . . . . . . . . . . . . . 21

*Gollihar v. State,*
    46 S.W.3d 243 (Tex. Crim. App. 2001) . . . . . . . . . . . . . . . . . . . . . . . . . . 25

*Guzman v. State,*
    955 S.W.2d 85 (Tex. Crim. App. 1997) . . . . . . . . . . . . . . . . . . . . . . . . . . 15

*Holt v. State,*
    899 S.W.2d 22 (Tex. App.–Tyler 1995, no pet.) . . . . . . . . . . . . . . . . . . . 18

*Hooks v. State,*
    860 S.W.2d 110 (Tex. Crim. App. 1993) . . . . . . . . . . . . . . . . . . . . . . . . . 23

*Jackson v. Virginia,*
    443 U.S. 307, 99 S. Ct. 2781 (1979) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22

*Jingles v. State,*
    752 S.W.2d 126 (Tex. App.–Houston [14th Dist.] 1987, pet. ref'd) . . . . . 18

*Johnson v. State,*
    967 S.W.2d 410 (Tex. Crim. App. 1998) . . . . . . . . . . . . . . . . . . . . . 19,25

*Johnson v. State,*
    43 S.W.3d 1 (Tex. Crim. App. 2001) . . . . . . . . . . . . . . . . . . . . . . . . 20,25

*Kent v. State,*
    879 S.W.2d 80 (Tex. App.–Houston [14th Dist.] 1994, no pet.) . . . . . . . . 18

*King v. State,*
    895 S.W.2d 701 (Tex. Crim. App. 1995) . . . . . . . . . . . . . . . . . . . . . . . . . 22

*King v. State,*
    953 S.W.2d 266 (Tex. Crim. App. 1997) . . . . . . . . . . . . . . . . . . . . . . 19,25

*Marin v. State,*
    851 S.W.2d 275 (Tex. Crim. App. 1993) . . . . . . . . . . . . . . . . . . . . . . . . . 21

*Narron v. State,*
    835 S.W.2d 642 (Tex. Crim. App. 1992) . . . . . . . . . . . . . . . . . . . . . . 24,25

*Polk v. State,*
    693 S.W.2d 391 (Tex. Crim. App. 1985) . . . . . . . . . . . . . . . . . . . . . . . . . 23

*Sanders v. State*,
  25 S.W.3d 854 (Tex. App.–Houston [14th Dist.] 2000, pet. dism'd) . . . . . 23

*Schutz v. State*,
  63 S.W.3d 442 (Tex. Crim. App. 2001) . . . . . . . . . . . . . . . . . . . . . . . . 20,25

*State v. Moff*,
  154 S.W.3d 599 (Tex. Crim. App. 2004) . . . . . . . . . . . . . . . . . . . . . . . . 15

*Stautzenberger v. State*,
  232 S.W.3d 323 (Tex. App.—Houston [14th Dist.] 2007, no pet.) . . . . . . 16

*Thomas v. State*,
  286 S.W.3d 109 (Tex. App.—Houston [14th Dist.] 2009, no pet.) . . . . . . 16

*Throneberry v. State*,
  109 S.W.3d 52 (Tex. App.–Fort Worth 2003, no pet.) . . . . . . . . . . . . . . 20

*Tomlin v. State*,
  722 S.W.2d 702 (Tex. Crim. App. 1987) . . . . . . . . . . . . . . . . . . . . . . . . 18

*Wilson v. State*,
  No. 14-03-00182-CR (Tex. App.–Houston [14th Dist.] 2004, no pet.) . . . 18


**STATUTES/RULES:**

Tex. Code Crim. Proc. Ann. art. 1.14(b)(West 2005) . . . . . . . . . . . . . . . . . . . . . 14

Tex. Code Crim. Proc. Ann.  art. 21.02(7) (West 2009) . . . . . . . . . . . . . . . . . 16,18

Tex. Code Crim. Proc. Ann. art. 21.03 (West 2009) . . . . . . . . . . . . . . . . . . 15,16,18

Tex. Code Crim. Proc. Ann. art. 21.21(7)(West 2009) . . . . . . . . . . . . . . . . . 16,18

Tex. Code Crim. Proc. Ann. art. 42.12 § 3g(a)(2)(West supp. 2014) . . . . . . . . . 23

Tex. Pen. Code Ann. § 1.07(a)(17) (West supp. 2014) . . . . . . . . . . . . . . . . . 23,24

Tex. Pen. Code Ann. §12.42 (West supp. 2014) . . . . . . . . . . . . . . . 13,14,15,16,17

Tex. R. App. P. 33.1(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14,21

Tex. R. App. P. 44.2(b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19,25

**CONSTITUTIONS:**

Tex. Const. art. I §10 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

## STATEMENT OF THE CASE

*Nature of case:*  This is an appeal from a conviction for unlawful possession of a firearm (by a felon), pursuant to Texas Penal Code section 46.04, with two enhancements. (C.R. pg. 149).

*Judge/Court:*  Judge Bill Miller sitting in the 5th District Court of Bowie County, Texas. (C.R. pg. 149).

*Pleas*:  Marcus Leslie (Leslie) entered pleas of "not guilty" to the charge against him. (R.R. Vol. III pg. 134)(C.R. pg. 149). Leslie also plead "not true" to the enhancements. (R.R. Vol. V pg. 9-10)(C.R. pg. 149).

*Trial disposition:*  The jury found Leslie guilty. (C.R. pg. 118). Punishment was tried to the jury which found both enhancement allegations to be "true " and recommended a sentence of 50 years. (C.R. pg. 126). The court imposed that sentence adding a deadly weapon finding. (C.R. pg. 149).

## ISSUES PRESENTED

**Issue One:** The habitual-offender enhancement allegation in the notice of enhancement was defective because it did not allege that the second felony occurred after the first felony conviction became final.

**Issue Two:** There was insufficient evidence to establish that Leslie "used" the deadly weapon or placed anyone in danger which are required to support an affirmative deadly weapon finding.

**STATEMENT OF ORAL ARGUMENT**

Oral argument might assist the court in considering issue regarding the timing with regard to the enhancement issue which is technical in nature. Additionally, oral argument might assist the court in considering the evidence theoretically necessary to support a deadly weapon finding.

## STATEMENT OF FACTS

The State alleges that Marcus Leslie went to the home of a friend and removed a handgun without permission and it was not returned. (R.R. Vol. III pg. 155-157).

Marcus Leslie contends that the friend gave Leslie the handgun and asked Leslie to trade or sell the gun for crack cocaine for the use of the friend. (R.R. Vol. VI, State's Rec. 1).

It is undisputed that Marcus Leslie has two prior convictions: one for burglary of a residence and theft of property. (R.R. Vol. IV State's Ex. 5, pg. 1-2 and State's Ex. 6, pg. 5-6).

**Issue One:** The habitual-offender enhancement allegation in the notice of enhancement was defective because it did not allege that the second felony occurred after the first felony conviction became final.

The State's notice of enhancement against Leslie did not include all the necessary elements of a habitual-offender enhancement required by Texas Penal Code section 12.42(d) because it did not allege that the second felony occurred subsequent to the first felony conviction becoming final. *See* Tex. Pen. Code Ann. §12.42(a)(West supp. 2013). Accordingly, the notice of enhancement did not allege everything "which is necessary to be proved" and fails to provide proper notice of the enhancement.

**Issue Two:** There was insufficient evidence to establish that Leslie "used" the deadly weapon or placed anyone in danger which are required to support an affirmative deadly weapon finding.

There was insufficient evidence to support the affirmative deadly weapon finding in the judgment. Although Leslie possessed a handgun, which is a per se deadly weapon, there was no evidence that Leslie "used" the handgun or placed anyone in danger.

13

**Issue One:** The habitual-offender enhancement allegation in the notice of enhancement was defective because it did not allege that the second felony occurred after the first felony conviction became final.

The State's notice of enhancement against Leslie did not include all the necessary elements of a habitual-offender enhancement required by Texas Penal Code section 12.42(d) because it did not allege that the second felony occurred subsequent to the first felony conviction becoming final. *See* Tex. Pen. Code Ann. §12.42(a)(West supp. 2013). Accordingly, the notice of enhancement did not allege everything "which is necessary to be proved" and fails to provide proper notice of the enhancement.

### Preservation of Error

To preserve a complaint for appellate review, a party must generally have presented to the trial court a timely request, objection, or motion that states the specific grounds for the desired ruling, if they are not apparent from the context of the request, objection, or motion. *See* Tex. R. App. P. 33.1(a). More specifically, article 1.14(b) of the Texas Code of Criminal Procedure provides:

> If the defendant does not object to a defect, error, or irregularity of form or substance in an indictment or information before the date on which the trial on the merits commences, he waives and forfeits the right to object to the defect, error, or irregularity and he may not raise the objection on appeal.

Tex. Code Crim. Proc. Ann. art. 1.14(b)(West 2005).

Here, Leslie objected to the notice of enhancement through a motion to

14

quash. (C.R. pg. 88 ¶¶ 4-6). This motion was overruled by the Court. (R.R. Vol. III pg. 77-83). For good measure, Leslie made a running objection to evidence in support of the enhancement allegation, which was granted by the trial court. (R.R. Vol. III pg. 83). Therefore, this issue was preserved for appellate review.

## Standard of Review

The sufficiency of an indictment is a question of law. *State v. Moff*, 154 S.W.3d 599, 601 (Tex. Crim. App. 2004). When the resolution of a question of law does not turn on an evaluation of the credibility and demeanor of a witness, then the trial court is not in a better position to make the determination, and appellate courts should conduct a *de novo* review of the issue. *Id.; see also Guzman v. State*, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997).

## Law and Application

The State's notice of enhancement against Leslie did not include all the necessary elements of a habitual-offender enhancement required by Texas Penal Code section 12.42(d) because it did not allege that the second felony occurred subsequent to the first felony conviction becoming final. *See* Tex. Pen. Code Ann. §12.42(a)(West supp. 2013). Accordingly, the notice of enhancement did not allege everything "which is necessary to be proved" and fails to provide proper notice of the enhancement.

Texas Code of Criminal Procedure article 21.03 provides "everything

should be stated in an indictment which is necessary to be proved." Tex. Code Crim. Proc. Ann. art. 21.03 (West 2009); *see also* art. 21.02(7), art. 21.21(7). This stems from the constitutional right of an accused "to demand the nature and cause of the accusation." Tex. Const. art. I §10. If an element of an offense is omitted, then the indictment fails to allege an offense. *Ex parte Mathis*, 571 S.W.2d 186 (Tex. Crim. App.1978).

However, enhancement allegations that are not part of the State's case-in-chief are not part of the "substance" of the indictment. *See Thomas v. State*, 286 S.W.3d 109, 114 (Tex. App.—Houston [14th Dist.] 2009, no pet.) (citing *Stautzenberger v. State*, 232 S.W.3d 323, 327 (Tex. App.—Houston [14th Dist.] 2007, no pet.). Such allegations must be raised in some form, but need not be pleaded in the indictment. *Brooks v. State*, 957 S.W.2d 30, 34 (Tex. Crim. App. 1997).

Texas Penal Code section 12.42(d) provides in relevant part as follows:

**Penalties for Repeat and Habitual Felony Offenders**

(d)     Except as provided by Subsection (c)(2) or (c)(4), if it is shown on the trial of a felony offense other than a state jail felony punishable under Section 12.35(a) that the defendant has previously been finally convicted of two felony offenses, and the second previous felony conviction is for an offense that occurred subsequent to the first previous conviction having become final, on conviction the defendant shall be punished by imprisonment in the Texas Department of Criminal Justice for life, or for any term of not more than 99 years or less than 25 years. A previous conviction for a state jail felony punishable under Section 12.35(a) may not be used for enhancement purposes under this subsection.

Tex. Pen. Code Ann. §12.42(d) (West supp. 2014). The notice of enhancement

16

against Leslie reads in relevant part as follows:

> . . .
> Specifically, the State intends to present evidence that, prior to the commission of the offenses as set out above, the defendant, MARCUS LESLIE, was finally convicted of a felony offense, namely, RESIDENTIAL BURGLARY, in cause No. CR-2005-30 in the Circuit Court of Miller County, Arkansas, on or about February 10, 2005; and after the aforementioned felony conviction was final, the defendant was finally convicted of the felony offense of THEFT OF PROPERTY, in cause No. CR-2006-197 in the Circuit Court of Miller County, Arkansas, on or about January 9, 2007. (See Attachment A)
> . . .

(C.R. pg. 75). The notice of enhancement against Leslie does not allege all the necessary elements of a habitual-offender enhancement. *See* Tex. Pen. Code §12.42(d).

The notice of enhancement does specify that (1) Leslie has previously been finally convicted of two felony offenses: "Residential Burglary" and "Theft of Property." (C.R. pg. 75). However, the notice of enhancement fails to allege (2) that the second previous felony conviction is for an offense that <u>occurred</u> subsequent to the first previous conviction having become final. Rather the notice of enhancement provides "aforementioned felony conviction (Residential Burglary) was final, the defendant was finally convicted of the felony offense of THEFT OF PROPERTY." (C.R. pg. 75). Thus, the State alleged that Leslie was convicted of the second felony after he was convicted of the first felony. However, the State did not allege that the second felony <u>occurred</u> after the first felony conviction became final.

The date the second felony was committed, which was not properly alleged

17

by the State, is a necessary element to the enhancement allegation. If the State alleges two convictions for enhancement purposes, it must prove that the following sequence occurred: (1) the first conviction became final; (2) the offense leading to a later conviction was committed; (3) the later conviction became final; and (4) the present offense was committed. *Tomlin v. State*, 722 S.W.2d 702, 705 (Tex. Crim. App. 1987). Thus, the State must prove the second felony offense occurred after the first felony offense conviction became final. *See e.g. Kent v. State*, 879 S.W.2d 80 (Tex. App.–Houston [14th Dist.] 1994, no pet.); *see also Holt v. State*, 899 S.W.2d 22 (Tex. App.–Tyler 1995, no pet.). Accordingly, that should be alleged in the indictment or notice of enhancement. *See* Tex. Code Crim. Proc. Ann. art. 21.03; *see also* art. 21.02(7), art. 21.21(7)(West 2009). In *Ex Parte Lewis*, the Texas Court of Criminal Appeals concluded in part that an enhancement notice failed because the State did not allege that one prior offense was committed after the other became final. *See Ex Parte Lewis*, AP-75,568 (Tex. Crim. App. Dec. 13, 2006)(mem. op.). For this reason, the State failed to properly notify Leslie of the enhancement allegations against him.

Several cases are, at least at first blush, contrary to this argument. In *Jingles v. State*, the Houston 14th Court of Appeals rejected this same argument and concluded that the State need not specifically allege that the second prior felony occurred after the first prior felony conviction was final. 752 S.W.2d 126, 129 (Tex. App.–Houston [14th Dist.] 1987, pet. ref'd); *see also Wilson v. State*, No.

18

14-03-00182-CR (Tex. App.–Houston [14th Dist.] 2004, no pet.); *Fitzgerald v. State*, 722 S.W.2d 817, 822 (Tex. App.–Tyler 1987), *aff'd*, 782 S.W.2d 876 (Tex. Crim. App. 1990). However, there the arguments were that the omissions in the enhancement allegations were fundamental error and the conclusions were that such an omission was not fundamental error. *Id*. Here, Leslie preserved the error through a motion to quash.

In other cases, this was likewise not required. *See e.g. Derichsweiler v. State*, 359 S.W.3d 342 (Tex. App.–Fort Worth 2012, pet. ref'd)*; Box v. State*, 05-12-00421-CR (Tex. App.–Dallas March 28, 2013, no pet.)(mem. op.). However, in these cases the courts were addressing charge error as opposed to preserved error in the enhancement notices.

Accordingly, the enhancement notices against Leslie failed to allege the required sequence of the offense and therefore failed to properly notify Leslie of the enhancement.


**Harmful Error**

An error must affect the substantial rights of the accused to be harmful. *See* Tex. R. App. P.44.2(b). A "substantial right" is affected when the error had a substantial and injurious effect or influence in determining the jury's verdict. *King v. State*, 953 S.W.2d 266 (Tex. Crim. App. 1997) (*citing* Tex. R. App. P. 44.2(b)). Alternatively, error is harmless if the error "did not influence the jury, or had but a slight effect." *Johnson v. State*, 967 S.W.2d 410, 417 (Tex. Crim. App. 1998). The

19

appellant does not bear the burden to establish such harmful error. *Schutz v. State*, 63 S.W.3d 442, 444 (Tex. Crim. App. 2001); *Johnson v. State*, 43 S.W.3d 1, 4 (Tex. Crim. App. 2001). Rather, it is the responsibility of the appellate court to assess harm after reviewing the record. *Schutz v. State*, 63 S.W.3d 442, 444 (Tex. Crim. App. 2001); *Johnson v. State*, 43 S.W.3d 1, 4 (Tex. Crim. App. 2001).

The Fort Worth Court concluded that preserved error regarding a notice of enhancement is harmful error analysis. *See Throneberry v. State*, 109 S.W.3d 52, 60 (Tex. App.–Fort Worth 2003, no pet.). There, an important factor was how long the notice was on file. Here, the State provided the inadequate notice on March 24, 2015, while the trial began seven days later on March 31, 2015. (R.R. Vol. III cover). Accordingly, the short time alone represented some harmful error.

**Issue Two:** There was insufficient evidence to establish that Leslie "used" the deadly weapon or placed anyone in danger which are required to support an affirmative deadly weapon finding.

There was insufficient evidence to support the affirmative deadly weapon finding in the judgment. Although Leslie possessed a handgun, which is a per se deadly weapon, there was no evidence that Leslie "used" the handgun or placed anyone in danger.

## Preservation of Error

To preserve a complaint for appellate review, a party must generally have presented to the trial court a timely request, objection, or motion that states the specific grounds for the desired ruling, if they are not apparent from the context of the request, objection, or motion. *See* Tex. R. App. P. 33.1(a). However, it has long been the rule in Texas that a criminal appellant may challenge the legal and factual sufficiency of the State's evidence even though the issue was not raised in the trial court. *See Flanary v. State*, 316 S.W.2d 897, 898 (Tex. Crim. App. 1958) (op. on reh'g); *see also Collier v. State*, 999 S.W.2d 779, 787 (Tex. Crim. App. 1999) (Keller, J., dissenting) ("procedural default concepts are generally absent from evidentiary sufficiency issues as they relate to elements of an offense"). In other words, the State's burden to present evidence sufficient to sustain a conviction has been considered an absolute requirement that must be observed without request and cannot be waived or forfeited. *See Marin v. State*, 851 S.W.2d 275, 279-80 (Tex. Crim. App. 1993) (absolute, waivable, and forfeitable rights).

21

**Standard of Review**

Appellate courts should no longer conduct separate legal and factual sufficiency reviews in criminal cases. *See Brooks v. State*, 323 S.W.3d 893 (Tex. Crim. App. 2010). Rather, appellate courts in criminal cases should simply conduct the sufficiency standard under *Jackson v. Virginia,* 443 U.S. 307 (1979). *Brooks v. State*, 323 S.W.3d 893 (Tex. Crim. App. 2010). In reviewing the evidence for sufficiency, the appellate court should consider the evidence in the light most favorable to the verdict to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); *Brooks v. State*, 323 S.W.3d 893 (Tex. Crim. App. 2010). The standard is the same for both direct and circumstantial evidence cases. *King v. State*, 895 S.W.2d 701, 703 (Tex. Crim. App. 1995).

**Law and Application**

The deadly weapon issue was not submitted to the jury. Regardless, the trial court made an affirmative deadly weapon finding. Although there was evidence that Leslie possessed a handgun, which is a per se deadly weapon, there was no evidence that Leslie "used" the handgun or placed anyone in danger.

The Code of Criminal Procedure directs the trial court to submit to the jury any issue that is raised by the facts . . . and authorizes a deadly weapon finding upon sufficient evidence that a defendant "used or exhibited" a deadly weapon

during the commission of or flight from a felony offense. *Drichas v. State*, 175 S.W.3d 795 (Tex. Crim. App. 2005)(citing Tex. Code Crim. Proc. Ann. art. 42.12 § 3g(a)(2)(West supp. 2014)). A deadly weapon is anything that "in the manner of its use or intended use is capable of causing death or serious bodily injury." Tex. Pen. Code Ann. § 1.07(a)(17)(B)(West supp. 2014).

In *Polk v. State*, the Court of Criminal Appeals concluded that under Article 42.12 of the Code of Criminal Procedure, "affirmative finding" means "the trier of fact's express determination that a deadly weapon or firearm was actually used or exhibited during the commission of the offense." *Polk v. State*, 693 S.W.2d 391, 393 (Tex. Crim. App. 1985). Thus, the Court orginally decided that the Legislature required an "express determination" from the fact-finder, thereby rejecting any supposed "implied" finding. *See Hooks v. State*, 860 S.W.2d 110, 112 (Tex. Crim. App. 1993). Since Polk, the rule was softened and a trial court is authorized to make an affirmative deadly-weapon finding in the following three situations: where the jury has (1) found guilt as alleged in the indictment and the deadly weapon has been specifically plead as such using "deadly weapon" nomenclature in the indictment; (2) found guilt as alleged in the indictment but, though not specifically plead as a deadly weapon, the weapon plead is per se a deadly weapon; or (3) affirmatively answered a special issue on deadly weapon use. *See Sanders v. State*, 25 S.W.3d 854, 856 (Tex. App.–Houston [14th Dist.] 2000, pet. dism'd)(citing *Davis v. State*, 897 S.W.2d 791, 793-94 (Tex. Crim. App. 1995).

Regardless, to hold evidence legally sufficient to sustain a deadly weapon

finding, the evidence must demonstrate that: (1) the object meets the statutory definition of a dangerous weapon, (*see* Tex. Pen. Code Ann. §1.07(a)(17)(B)(West supp. 2014)); (2) the deadly weapon was used or exhibited "during the transaction from which" the felony conviction was obtained, (*see Ex parte Jones*, 957 S.W.2d 849, 851 (Tex. Crim. App. 1997)); and (3) that other people were put in actual danger (*see Cates v. State*, 102 S.W.3d 735, 738 (Tex. Crim. App. 2003)). *Drichas v. State*, 175 S.W.3d 795, 787 (Tex. Crim. App. 2005).

Here, a handgun is a per se deadly weapon. Tex. Pen. Code Ann. § 1.07(a)(17)(A) (West supp. 2014). It was certainly used during the offense of felon in possession of a handgun. More specifically, there was some evidence that Leslie took the handgun from Johnnie Booth's home. (R.R. Vol. III pg. 155-156). However, there was not testimony as to Leslie's actual use of the gun generally, or that anyone was placed in actual danger by it, specifically. Accordingly, there was insufficient evidence to support a deadly weapon finding.

Similar situations have been addressed by the Texas Court of Criminal Appeals where the court addressed a deadly weapon finding in a conviction of felon in possession of a firearm. *See Natron v. State*, 835 S.W.2d 642, 644 (Tex. Crim. App.1992); *Ex parte Petty*, 833 S.W.2d 145, 145-46 (Tex. Crim. App.1992).

In *Narron v. State*, the court concluded that "use" of a deadly weapon had to be more than mere possession. 835 S.W.2d 642, 644 (Tex. Crim. App.1992). In *Ex parte Petty*, the court likewise concluded that mere possession of a deadly weapon

24

was not use. 833 S.W.2d 145, 145-46 (Tex. Crim. App.1992).

Accordingly, here as in *Natron v. State* and *Ex parte Petty*, the mere possession of a firearm in a conviction for felon in possession of a firearm did not support a deadly weapon finding.  In such a situation, the proper remedy is for the appellate court to simply delete the deadly weapon finding. *Narron v. State*, 835 S.W.2d 642, 644 (Tex. Crim. App. 1992).

**Harmful Error**

An error must affect the substantial rights of the accused to be harmful.  *See* Tex. R. App. P. 44.2(b).  A "substantial right" is affected when the error had a substantial and injurious effect or influence in determining the jury's verdict.  *King v. State*, 953 S.W.2d 266 (Tex. Crim. App. 1997) (*citing* Tex. R. App. P. 44.2(b)). Alternatively, error is harmless if the error "did not influence the jury, or had but a slight effect." *Johnson v. State*, 967 S.W.2d 410, 417 (Tex. Crim. App. 1998).  The appellant does not bear the burden to establish such harmful error. *Schutz v. State*, 63 S.W.3d 442, 444 (Tex. Crim. App. 2001); *Johnson v. State*, 43 S.W.3d 1, 4 (Tex. Crim. App. 2001).  Rather, it is the responsibility of the appellate court to assess harm after reviewing the record.  *Schutz v. State*, 63 S.W.3d 442, 444 (Tex. Crim. App. 2001); *Johnson v. State*, 43 S.W.3d 1, 4 (Tex. Crim. App. 2001).

However, a harmless error analysis is not conducted with regard to legal and factual sufficiency of the evidence challenges.  *See Gollihar v. State*, 46 S.W.3d 243 (Tex. Crim. App. 2001).

## PRAYER

WHEREFORE, premises considered, Marcus Leslie respectfully requests that this conviction be reversed and judgment rendered in his favor, that the conviction be reversed and a new trial granted, that the deadly weapon finding be removed, or for such other and further relief to which Appellant may be entitled.

Respectfully Submitted,

*Miller, James, Miller & Hornsby, L.L.P.*

By: _____
    Troy Hornsby
    Texas Bar Number 00790919

1725 Galleria Oaks Drive
Texarkana, Texas  75503
troy.hornsby@gmail.com
903.794.2711, f. 903.792.1276

Attorney for Appellant Marcus Leslie

## CERTIFICATE OF SERVICE

This is to certify that on September 2, 2015, a true and correct copy of the above and foregoing *Appellant's Brief* has been forwarded by U.S. mail on all counsel of record and interested party listed below:

**Appellant**
Marcus Leslie
TDC #02001223
Connally Unit
899 F.M. 632
Kenedy, Texas 78119

**Trial Court Judge**
Honorable Bill Miller
5th District Judge
Bi-State Justice Building
100 North State Line Avenue
Texarkana, Texas 75501

**State's Attorney**
Samantha Oglesby
Bowie County D.A.'s Office
601 Main Street
Texarkana, Texas 75501

**Defendant's Trial Attorney**
Chad Crowl
Bowie Co. Public Defender's Off.
424 W. Broad Street
Texarkana, Texas 75501

_____
Troy Hornsby

## CERTIFICATE OF COMPLIANCE

Pursuant to Texas Rule of Appellate Procedure 9.4, the undersigned counsel certifies that, exclusive of the exempted portions in Texas Rule of Appellate Procedure 9.4(i)(1), this brief contains 3,384 words (less than 15,000), based upon the word count of the WordPerfect program used to prepare the document.

_____
Troy Hornsby